UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS ACEVEDO GARCIA, et al.
    Plaintiffs

vs.                                                                         CIVIL NO. 97-2639 (JP)

HON. ROBERTO VERA MONROIG, et al.
    Defendants

## ORDER

In accordance with the agreements of the attorneys for the parties in this action, the Court hereby is delivering the following documents: Trial Script Before Opening Statements; Names of the Parties, and Questions for Potential Jurors, a.k.a. the jury card.

Date: 10/4/01

JAIME PIERAS, JR.
U.S. Senior District Judge

w/attachments

**TRIAL SCRIPT BEFORE OPENING STATEMENTS**
<u>LUIS A. ACEVEDO GARCIA, ET AL. Plaintiffs v. HON. ROBERTO VERA MONROIG ET AL. Defendants.</u>
CIVIL 97-2639(JP)
JURY TRIAL October 10, 2001, at 9:30 a.m.

I. **Preparation**

    A.   Please call the case.
    B.   Are the parties ready for trial?
    C.   The oath of the panel: Madame Clerk will now swear in the potential jurors.

II. **First Address to Jury** (these statements address the jury card document and the List of the Parties document that the jurors were given once they arrived in Court)

Ladies and Gentlemen of the Jury, before I give you a brief synopsis of this case, I will tell you about the documents that you were given this morning.

    a)   The <u>first document</u> is entitled "<u>Questions for Potential Jurors</u>". It is a card with questions you will answer in the voir dire. I will refer to it after I have given you a synopsis of this case.

    b)   The <u>second document</u> is entitled "<u>Names of the Parties</u>" and contains the names of the plaintiffs and defendants in this case. I am going to ask you questions as to your possible relations with them.

III. **Introduction** (a brief synopsis of the case.)

The plaintiffs in this case are 82 members of the New Progressive Party ("NPP"), who are current and former career employees of the Municipality of Adjuntas. They claim that Defendants discriminated against them because of their political affiliation with the NPP after Defendant herein, Mayor Roberto Vera Monroig, a member of the Popular Democratic Party ("PDP"), was elected in November of 1996 and assumed office on January 14, 1997, after wresting the administration of the Municipality of Adjuntas

-2-

from the NPP. These 82 plaintiffs fall into two groups: (1) Thirty-three Plaintiffs who allege that the Defendants - the Honorable Roberto Vera Monroig - Mayor of Adjuntas, Irma M. González Delgado - Personnel Director of the Municipality of Adjuntas, and the Municipality of Adjuntas harassed them and unjustly discharged them from their positions with the Municipality on account of their political affiliation, and (2) Forty-nine Plaintiffs who only allege that they were discharged from their employment with the Municipality of Adjuntas on account of their political affiliation. Plaintiffs' claims are primarily based on the First, Fifth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983. These provisions give jurisdiction to this Court.

>    The First Amendment states:
>
>> "Congress shall make no law respecting establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of people peaceably to assemble, and to petition the Government for a redress of grievances."
>
>    The Fifth Amendment states in pertinent part:
>
>> "No person shall be . . . deprived of life, liberty, or property, without due process of law."
>
>    The Fourteenth Amendment states in pertinent part:
>
>> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
>
>    42 U.S.C. Section 1983 states:
>
>> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory

> or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

Plaintiffs have also invoked the Court's supplemental jurisdiction to hear and decide claims under Article II, Sections 1, 2, 4, 6, 7, 16, 19, and 20 of the Constitution of the Commonwealth of Puerto Rico and Title 29 of the Laws of Puerto Rico, Section 146 ("Law 100"). These provisions have the same effect and serve the same purpose as the laws and Constitution of the United States that I have just read to you.

Plaintiffs seek damages for loss of earnings, humiliation, mental distress, and emotional pain and suffering for violation of the Constitution of the United States and the Puerto Rico Constitution quoted above pursuant to Title 31 of the Laws of Puerto Rico, Sections 5141 and 5142.

<u>Section 5141 states</u> in pertinent part:
> "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done."

<u>Section 5142 states</u> in pertinent part:

-4-

"The obligation imposed by section 5141 . . . is demandable not only for personal acts and omissions, but also for those of the persons for whom they should be responsible. Owners or directors of an establishment or enterprise are likewise liable for any damages caused by their employees in the service of the branches in which the latter are employed or on account of their duties."

Defendants deny that they politically harassed Plaintiffs. They also deny that they dismissed Plaintiffs as a result of political discrimination. Defendants contend that the dismissals were the result of a legitimate "Layoff Plan," which was implemented in order to increase the Municipality's revenues. Defendants contend that the lay-off plan was implemented in an objective and non-discriminatory manner; and that there is no cause of action against them. Defendants allege that they are not liable and that this case should be dismissed.

IV. **The First Voir Dire** -- I will now ask you some questions designed to assist the parties to choose a jury from among you.

A. The plaintiffs in this case are listed on the sheet of paper before you entitled **Names of the Parties** which was previously given to you.

   1. Now that you have read their names, have any of you ever been associated in any way with the Plaintiffs, or do you or does any member of your immediate family, and by immediate family I mean spouse or children, have any connection of any kind with the Plaintiffs?

   2. Do any of you or does any member of your immediate family have any economic interest in relation with the Plaintiffs?

   3. Have any of you ever been involved in a lawsuit or

-5-

      dispute with any of the Plaintiffs?

B. Would the attorney for the Plaintiffs please rise and identify himself.

   1. Are any of you personally acquainted with the attorneys for the plaintiffs, or have any of you had any dealings with these attorneys or their law firms?

C. The defendants in this case are the Honorable Roberto Vera Monroig, Mayor of Adjuntas, Irma M. González Delgado, Personnel Director of the Municipality of Adjuntas, and the Municipality of Adjuntas.

   1. Have any of you ever been associated in any way with the Defendants, or do you or does any member of your immediate family have any connection of any kind with the Defendants, their corporate officers, or employees?

   2. Do any of you or does any member of your immediate family have any economic interest in relation to the Defendants?

   3. Have you ever been involved in a lawsuit or dispute with any of these defendants?

D. Would the attorneys for the Defendants please rise and identify themselves.

   1. Is any one of you personally acquainted with the attorneys for the Defendants, or have any of you had any dealings with these attorneys or their law firms?

E. Apart from what I just summarized for you, do any one of you know anything at all about the facts of this case?

F. Do you remember having read or having heard anything about this case?

G. Do you know of any reason why you may be prejudiced against either the Plaintiffs or the Defendants, in this case because of the nature of the allegations that have been brought? Do you have any feelings towards any of the parties or their attorneys that may appear in this case, that could be considered as a bias or prejudice for

-6-

or against any of them?

    1.) Will the potential discussion of an individual's political affiliation create a bias for any of you during this case?

H. If you are selected to sit as a juror in this case, will you be unable or unwilling to render a verdict solely on the evidence presented at the trial and the law as I give it to you in my instruction, disregarding any other ideas, notions, or beliefs about the law, and disregarding what you have read in the newspapers, or heard on the radio, or seen on television?

I. Have any of you or has any close relative of yours ever occupied any position in the structure of a political party; worked for the election of a candidate, party or political formula; or worked for an elected official; or been a political candidate for any elected office in Puerto Rico; or held an elected seat in Puerto Rico?

J. Have any of you or has a member of your close family ever been a party in a political discrimination case?

K. Have any of you litigated or is any of you litigating any claim or suit?

L. Have any of you or has any close member of your family been terminated from an employment because of political discrimination?

M. Have you ever been discharged from a job?

N. Have you ever been demoted, passed over for a promotion or felt discriminated against in your place of employment for any reason whatsoever, including, but not limited to, discrimination due to political affiliation?

O. Can you think of any other matter that you should call to the Court's attention which may have some bearing on your qualifications as a juror, or which may prevent your rendering a fair and impartial verdict based solely on the evidence and the law as I shall instruct you?

P. Are any of you familiar with any of the following names:

    1. Names of Plaintiffs listed on Document which you just read.

-7-

    2. The Honorable Roberto Vera Monroig
    3. Irma González Delgado
    4. Ana Figueroa Latorre
    5. Haydée Maldonado
    6. Reinaldo Ramírez, CPA
    7. Luz C. Guerra
    8. Carmen D. Orengo Ramírez
    9. Sarah Susan Chiesa

**V. LOTTERY**

**VI. THE PANEL READS AND ANSWERS "QUESTIONS FOR POTENTIAL JURORS"**

Each of you has received a group of questions. We will go around and when it comes to your turn, you will read the questions silently and answer aloud the following questions.

A. State your name and number on the list.

B. State your town or city of residence, and how long you have resided there.

C. What is the extent of your education?

D. State your present occupation and the name and address of your employer.

E. State your employment for the last five years.

F. If you are married, state the employment of your spouse for the past five years.

G. State the employment of any other person who has resided with you during the past five years.

H. State the number of civil and criminal cases in which you have participated as a juror.

**VII. Challenges**
    **a) Challenges For Cause**
    **b) Peremptory Challenges** (Plaintiffs may exercise 4 peremptory challenges and Defendants may exercise 4 peremptory challenges)

-8-

**VIII. The Oath of the Jury**

**IX. Preliminary Instructions**

Ladies and Gentlemen:

You have now been sworn as the jury to try this case. By your verdict you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his or her testimony. During the trial however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. You should avoid reading any newspaper articles that might be published about the case, and should also avoid seeing or hearing any television or radio comments about the trial.

During the course of this trial, I may occasionally ask questions of a witness in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any

-9-

opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to facts.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorneys on each side of a case to object when the other side offers testimony on evidence which the attorneys believe is not properly admissible. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

It is the duty of the Court to admonish an attorney who, out of zeal for the cause of his client, does something which is not in keeping with the rules of evidence or procedure. You are to draw no inference against the side to whom an admonition of the court may be addressed.

During the trial it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the court alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of this trial's proceedings will be as follows: First, in just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their

-10-

"opening statements." Second, the plaintiffs will then go forward with the calling of witnesses and the presentation of evidence during what we call the plaintiff's "case in chief." When the plaintiff finishes, the defendants will present their witnesses and evidence. After this, within certain limitations, the plaintiffs may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. Plaintiffs proceed first, and may rebut at the end, because the law places the burden of proof upon plaintiffs (as I will further explain to you as a part of my final instructions).

The evidence in the case will consist of sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been judicially noticed. Depositions may also be received in evidence. Depositions contain sworn testimonies of parties and witnesses, with counsel for each party being entitled to ask questions from said deponents. Testimony produced in a deposition may be read to you in open court or may be played for you on a television set from a video-tape player. Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or a stipulation of fact. When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard the fact as proven.

The court may take judicial notice of certain facts or events. When the court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

-11-

Any evidence as to which an objection is sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw, from the facts which you find to have been proven, such reasonable inferences as you feel are justified in the light of your experience.

At the end of trial, you will have to make your decision based on what you recall of the evidence. I urge you to pay close attention to the testimony as it is given.

When the evidence portion of the trial is completed the lawyers are then permitted to address you and make their summations or closing arguments in the case. Finally, I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

The Marshall will now provide you with a document that contains a complete list of all plaintiffs in this action.

**(Wait until the Marshall gives the jurors the document)**

Next to each plaintiff's name is the date that he or she

-12-

began working with the municipality; if applicable, the date that he or she was dismissed from their job at the Municipality and the amount of salary at the time of dismissal; if applicable, the plaintiff's subsequent employment position and subsequent employment salary.

You are instructed that this document has been provided to you only for the purpose of helping you to keep track of the evidence presented in this case. At the end of the presentation of the evidence, you may refer to it in order to refresh your recollection. This document does not in any way mean that your should enter judgment for the plaintiffs. However, if you decide to enter judgment for the plaintiffs you should refresh your recollection as to the facts contained in this document and use this document in your deliberation process.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show. The statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

# NAMES OF THE PARTIES
## CIVIL 97-2639 (JP)

**\* Read this document Immediately to see if you are acquainted with any of the persons who appear herein\***

### A) PLAINTIFFS:

There are a total of 82 Plaintiffs in this case. They are classified into the following two groups:

The following thirty-three (33) Plaintiffs have pending claims involving **both political discrimination and political harassment** in this case:

1) José D. Aponte
2) José D. Betancourt Ortiz
3) Brunilda Caraballo Ramos
4) Gladys M. Delgado Pérez
5) Angel A. Estronza Vélez
6) Juan A. Hernández Ramos
7) Héctor L. Madera López
8) Aurea M. Martínez Pérez
9) Antonio Ortiz de Jesús
10) Migdalia Pagán Reyes
11) Edwin Alexis Plaza Ruiz
12) Miguel A. Rivera González
13) Javier Rivera Vega
14) José A. Rodríguez Soba
15) Maribel Rodríguez Vega
16) Miguel A. Santana Pérez
17) Edwin R. Vélez Plaza
18) Sonia Bermúdez Sepúlveda
19) Juan A. Breban Caraballo
20) Luis Castro Ruiz
21) Wanda I. Estronza Martínez
22) Juanita González Acevedo
23) Nora E. López Maldonado
24) Luis N. Madera López
25) Jesús Nolasco Vélez
26) Miguel S. Ostolaza Miró
27) Luis Plaza García
28) Oscar Quiñones Salcedo
29) Iris B. Rivera Pérez
30) Arístides Rodríguez Quiles
31) Harry Rodríguez Torres
32) Nora E. Ruiz González
33) Lillian Torres Cabán

The following forty-nine (49) Plaintiffs no longer have political harassment claims pending in this case. Therefore, **the only claim that they now have pending in this case is for political discrimination**:

1) Luis A. Acevedo García
2) José A. Alvarado
3) Agustina Arce Rosado
4) Miguel A. Camacho Díaz
5) Héctor Camacho Alicea
6) Gabriel Caraballo Ortiz
7) Miguel A. Castro Ruiz
8) Juan de Jesús Aponte Soto
9) Nelly I Echevarria Perez
10) José A. García
11) Jacqueline González Vélez
12) Blanca I. Maldonado Molina
26) Anel Acosta Meléndez
27) José E. Aponte Soto
28) Clara Ayala
29) Aurora Cabán Maldonado
30) Domingo Caraballo Ortiz
31) Iván Castro Jiménez
32) Obed D. Cintrón
33) Fermín Díaz Santiago
34) Héctor L. Filippetti Santiago
35) Antonio González Altoro
36) María E. Irizarry Rodríguez
37) Helga E. Maldonado Rodríguez

13) Angel Munet Echevarría
14) Janisse M. Plaza Ruiz
15) Luz N. Ramírez Plaza
16) David Cruz Irizarry
17) José H. Rodríguez Vega
18) José J. Rosado Alicea
19) Rubén Salcedo Rodríguez
20) José L. Santiago Rodríguez
21) Awilda Torres Natal
22) Lilian Torres Natal
23) Elizabeth Vélez Caraballo
24) Martha Zayas Vázquez
25) José Román Torres

38) José A. Plaza Rosado
39) Luz N. Pérez Jiménez
40) Edirudis Ramos Quiñones
41) Harry Rivera Torres
42) Elba I. Román Luciano
43) Nilda E. Rosario Virola
44) Flor M. Santiago Nieves
45) Wanda I. Torres Laracuente
46) Vilma Torres Rivera
47) Norma Vázquez de Zayas
48) Isabel Vélez Sepúlveda
49) Luz M. Rivera Santiago

## B) DEFENDANTS:

There are 3 defendants in this case. They are:

1) The Honorable Roberto Vera Monroig - Mayor of Adjuntas.
2) Irma M. González Delgado - Personnel Director of the Municipality of Adjuntas.
3) The Municipality of Adjuntas.

## QUESTIONS FOR POTENTIAL JURORS

Below is group of questions. Please read each question silently. When it is your turn to speak, please answer each question aloud.

A.  State your name and number on the list.

B.  State your town or city of residence, and how long you have resided there.

C.  What is the extent of your education?

D.  State your present occupation and the name and address of your employer.

E.  State your employment for the last five years.

F.  If you are married, state the employment of your spouse for the past five years.

G.  State the employment of any other person who has resided with you during the past five years.

H.  State the number of civil and criminal cases in which you have participated as a juror.