IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. ACEVEDO GARCIA, et al.<br><br>　　Plaintiff<br><br>vs.<br><br>HON. ROBERTO VERA MONROIG, et al.<br><br>　　Defendant | CIVIL NO. 97-2639 (JP) |

### ORDER

**I.   INTRODUCTION**

The Court has before it Defendants' "Memorandum of Law Regarding the Use of Seniority in Layoff Plans" (**Docket No. 192**), and Plaintiffs' Opposition thereto (**Docket No. 195**) regarding the application of the Autonomous Municipalities Act to the case at bar. Defendants allege that Art 12.013 of the Autonomous Municipalities Act, 21 P.R. Laws Ann. § 4563 (2000), regarding the implementation and process for laying off municipal employees, applies to this case. Plaintiffs allege that said section does not apply in this instance, since a lay off plan was already in place at the time of the lay-off and said law only applies to lay-offs that occur before a lay-off plan is implemented. On October 16, 2001, the Court determined that 29 P.R. Laws Ann. § 185(c) (2000) was applicable to the case at bar after a discussion with the attorneys. After further analysis, for the reasons herein stated, the Court **HOLDS** that, generally, the Law of Autonomous Municipalities applies to the case at bar, since

CIVIL NO. 97-2639 (JP)                    2

Adjuntas is a municipality. The Court further **HOLDS** that the "Lay-Off Plan for Municipality of Adjuntas Employees", (hereinafter, the "Lay-Off Plan") as ratified by the Municipality of Adjuntas, governs the procedure to be followed by said municipality for implementing layoffs. Both parties herein agree with this ruling.

## II. ANALYSIS

In Puerto Rico, labor disputes are to be resolved under the labor law, codified at 29 P.R. Laws Ann §§ 1-2067 (2000). However, said law is clear in that it shall not apply to instrumentalities of the Government of Puerto Rico, except some corporate instrumentalities as defined therein.[1] Since Municipalities are instrumentalities of the Government, Puerto Rico labor law does not apply to them.

Municipalities are subject to their own set of laws as codified in 21 P.R. Laws Ann. §§ 651-5820 (2000). Therefore, it is this law that must be applied in the case at bar. Specifically, § 4563 applies to lay-offs that are implemented by municipalities. Section 4563 reads:

> Layoffs may be decreed in the service, prior to the establishment of the plan for such purposes, for the following reasons:
>
> (a) For lack of work or funds.-- Layoffs shall be decreed within the groups of employees whose positions have the same classification title, and

---

[1] Said instrumentalities to which the Puerto Rico Labor Laws apply are: The Land Authority, the Agricultural Company, the Development Bank, The Electric Power Authority, the Puerto Rico Industrial Development Company, the Ports Authority, the Communications Authority, and subsidiaries to such instrumentalities.

CIVIL NO. 97-2639 (JP)                          3

> considering the status of the employees within each group, their productivity as reflected by the periodic evaluations required by this subtitle, their habits of punctuality, and attendance at work, and their seniority in the public service.
>
> Career employees shall be notified in writing of the procedures followed to decree the layoffs, and the criteria used. They shall also be notified of their right to appeal before the Personnel Administration Systems Board of Appeals. No layoff shall be effective unless it is notified thirty (30) days prior to its effective date.
>
> (b) When it is determined after an evaluation process that the employee is physically or mentally disabled.
>
> Any employee convicted for a felony, or a misdemeanor that implies moral turpitude, or for the infraction of his/her official duties, shall be removed from service pursuant to section 556 of Title 3.

21 P. R. Laws Ann. § 4563.

However, Plaintiffs contend, and Defendants do not contest, that the aforementioned law only applies when a municipality has to layoff employees in the absence of a lay-off plan. The Court agrees with this reading of the statute, and therefore **HOLDS** that § 4563 does not apply in this instance, since a legitimate lay-off plan was approved and implemented in the Municipality of Adjuntas before any lay-offs took place.

The parties have also stipulated that the actual implementation of municipal lay-offs had to be based on the Lay-Off Plan itself, as approved by the Municipality of Adjuntas. Said plan also stated that lay-offs were to be carried out by classification (i.e. by job title) instead of by department. The Court also agrees with this, and therefore also **HOLDS** that the Lay-Off Plan approved by the

CIVIL NO. 97-2639 (JP)                4

Municipality of Adjuntas governs the procedure to be followed by said municipality for implementing layoffs. The parties are hereby **ORDERED** to tailor their presentation of evidence referring to these matters accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25 day of October, 2001.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE