IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| LUIS A. ACEVEDO GARCIA, et al., | * | |
| Plaintiffs | * | |
| vs. | * | CIVIL NO. 97-2639 (JP) |
| HON. ROBERTO VERA MONROIG, et al., | * | |
| Defendants | * | |

**O R D E R**

**I.   INTRODUCTION**

While in the process of creating the verdict forms in this case, the Court was confronted with the issues of punitive damages and the applicability of 29 P.R. Laws Ann. § 146's damages provision ("Law 100") to this case. Although these issues have not been raised by any of the parties in this case, as trial has begun and it seems that no party intends to bring up the issues, the Court hereby raises and addresses the same.

**II.   LAW 100**

Puerto Rico's Law 100 does not apply to municipalities, or to municipal officials when they are sued in their official capacities. Marín-Piazza v. Aponte-Roque, 873 F.2d 432, 436 (1st Cir. 1989); Gómez Vázquez v. Díaz Colón, 91 F.Supp. 2d 481, 483 (D. Puerto Rico

CIVIL NO. 97-2639 (JP)                    2

2000); <u>Orta v. Padilla Ayala,</u> 131 D.P.R. 227, 239 (1992); <u>Rodríguez Cruz v. Padilla Ayala</u>, 125 D.P.R. 486 (1990). Law 100 only applies to an "employer", which is defined under 29 P.R. Laws Ann. § 151 as "any natural or artificial person employing laborers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or artificial person. It shall include all such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or agencies."

Plaintiffs herein have not alleged that the Municipality of Adjuntas is an instrumentality operating as a private business. There is no evidence on the record to the effect that the Municipality of Adjuntas is an instrumentality operating as a private business. Accordingly, Law 100 neither applies to the Municipality of Adjuntas, nor to co-Defendants the Honorable Roberto Vera Monroig - the Mayor of Adjuntas ("Vera") and Irma M. González Delgado - the Personnel Director of the Municipality of Adjuntas ("González") in their official capacities. Moreover, as Vera and González were Plaintiffs' employers in their capacity as municipal officials, and were not Plaintiffs employers in their personal capacities, they are also not subject to liability under Law 100 in their personal capacities. See <u>Marín-Piazza</u>, 873 F.2d at 437; <u>Gómez Vázquez</u>, 91 F.Supp. at 483-84.

CIVIL NO. 97-2639 (JP)                    3

### III. PUNITIVE DAMAGES

Punitive damages for constitutional rights violations under 42 U.S.C. § 1983 cannot be awarded against municipalities. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L.Ed. 2d 616 (1981); see also Gómez Vázquez, 91 F.Supp. 2d at 482-83. Because municipalities are the real parties in interest in official capacity suits against municipal officials, a judgment against a municipal official in his or her official capacity would in effect run against the municipality. Sandana-Sanchez v. Lopez-Gerena, 256 F.3d 1, 4 (1st Cir. 2001). Therefore, the law extends a municipality's immunity from punitive damages, to actions against officers when they are sued in their official capacities. Brandon v. Holt, 469 U.S. 464, 471-71, 105 S. Ct. 873, 83 L.Ed.2d 878 (1985); Gómez Vázquez, 91 F.Supp. 2d at 482-83. In the case at bar, it is axiomatic that punitive damages cannot be imposed on Defendants Vera and González in their official capacities as the mayor and personnel director of the Municipality of Adjuntas, because such an award would impermissibly be leveled against the Municipality of Adjuntas. Punitive damages may only issue against Vera and Gonzalez in their personal capacities. See Gómez Vázquez, 91 F.Supp. 2d at 483, at n.1.

CIVIL NO. 97-2639 (JP)                    4

## IV. CONCLUSION

Based on the foregoing discussion, the Court hereby **DISMISSES** Plaintiffs' cause of action under Law 100, and **FINDS** that punitive damages may only issue against co-Defendants Vera and González in their personal capacities. The jury instructions and verdict forms are being prepared by this Court to reflect the same.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of October, 2001.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE