IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS A. ACEVEDO GARCIA, et al.,    *
                                   *
    Plaintiffs                     *
                                   *
vs.                                *    CIVIL NO. 97-2639 (JP)
                                   *
HON. ROBERTO VERA MONROIG, et al., *
                                   *
    Defendants                     *
                                   *

**OPINION and ORDER**

I. **INTRODUCTION**

On November 23, 1998, the Court denied co-Defendants' motion for summary judgment as to qualified immunity in the above captioned-case, after having found issues of fact remaining as to co-Defendants' motivations for implementing the Lay-Off Plan for Municipality of Adjuntas Employees ("Lay-Off Plan"). See Acevedo-García v. Vera Monroig, 30 F. Supp.2d (D. Puerto Rico 1998) (Pieras, J.). Acevedo-García v. Vera Monroig, 204 F.3d 1 (1st Cir. 2000). Hereinafter, the issue of qualified immunity is being disposed of by this Court as a matter of law.

A Jury Trial was commenced on October 10, 2001, and ended on November 24, 2001 wherein at 12:05 a.m., the Jury returned a verdict in favor of Plaintiffs Edwin Alexis Plaza Ruiz, Lillian Torres Cabán, Iris B. Rivera Pérez, Sonia Bermúdez Sepúlveda, Nora E. Ruiz González, José D. Aponte, José A. Rodríguez Sobá, Juan A. Hernández Ramos, María E. Irizarry Rodríguez, Miguel A. Camacho Díaz, Luz N. Ramírez Plaza, Helga E. Maldonado Rodríguez, Luis A. Acevedo García,

CIVIL NO. 97-2639 (JP)                    2

Isabel Vélez Sepúlveda, José J. Rosado Alicea, Fermín Díaz Santiago, Luz Pérez Jiménez, Edirudis Ramos Quiñones, Flor M. Santiago Nieves, and Gabriel Caraballo Ortiz against all Defendants as it relates to the twenty (20) above-named Plaintiffs. Pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, and in view of evidence presented, the Court hereby enters the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

1. The Defendants raised the issue of their qualified immunity in the Answer to the Complaint (affirmative defense).

2. The Defendants had the burden of proof to prove their affirmative defense of qualified immunity.

3. During the trial, Defendants did not produce any evidence of whether co-Defendant the Honorable Roberto Vera Monroig or Irma M. González knew or should have known that their actions were considered to be in violation of the law.

4. The Jury Instructions and the Forms of Verdict were both prepared after taking into consideration the proposed Jury Instructions of all the parties. Neither Plaintiffs nor Defendants objected to the instructions, and as a matter of fact, both parties went further and agreed that the instructions be given without a qualified immunity charge.

5. Qualified Immunity was not argued before the Court. The Jury has decided all pertinent questions of fact.

6. The law on politically motivated terminations is clearly established.

CIVIL NO. 97-2639 (JP)                3

7. The Jury found that political affiliation was a substantial and motivating factor in the Honorable Roberto Vera Monroig and Irma M. González's decisions to dismiss the 20 Plaintiffs.

8. The Jury found that both the Honorable Roberto Vera Monroig and Irma M. González were each liable to each of the 20 Plaintiffs for punitive damages because their actions were motivated by discriminatory animus.

### III. CONCLUSIONS OF LAW

1. In the Opinion and Order affirming the Undersigned's denial of summary judgment, Judge Lipez stated, "Vera and González concede that the law on politically-motivated terminations is clearly established." Acevedo-García v. Vera Monroig, 204 F.3d 1, 10 (1st Cir. 2000). As the Jury has already decided all genuine issues of material fact, it is the Court's jurisdiction to decide the matter of qualified immunity as a matter of law, as it would a motion for summary judgment.

2. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st. Cir. 1999); Goldman v.

CIVIL NO. 97-2639 (JP)                          4

>  First Nat'l Bank of Boston, 985 F.2d. 1113, 1116 (1st Cir. 1993); Canal Insurance Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

3.  The Jury's findings for punitive damages against the Mayor and Irma M. González show that the Jury found them to have been "motivated by evil motive or intent, or [that their conduct] involved a reckless or callous indifference to Plaintiffs' federally protected rights". See Marín-Piazza v. Aponte-Roque, 873 F.2d. 432, 435 (1st Cir. 1989) (The threshold standard for punitive damages "'embrac[es] not only 'evil motive and intent' but also 'reckless or callous indifference to the federally protected rights of others.'"); see also Acevedo-García v. Vera Monroig, Civil Jury Instructions on Punitive Damages III.B (Pieras, J.).

4.  In order to award punitive damages, the Jury had to have first concluded that the Mayor and Irma M. González knew that their actions were politically discriminatory and that their intention was to discriminate against the Plaintiffs.

5.  The fact that punitive damages were awarded obligates the Court to find as a matter of law that the Mayor and Irma M. González are not entitled to qualified immunity.

CIVIL NO. 97-2639 (JP)                    5

6. Further, the Jury's finding that political affiliation was a substantial and motivating factor for the decisions to dismiss the 20 Plaintiffs, together with the fact that the law on politically-motivated dismissals was clearly established as found by the First Circuit on appeal, obligates this Court to find as a matter of law that the Mayor and Irma M. González are not entitled to qualified immunity.

7. Therefore, the Court, based on the above findings, enters further judgment **DISMISSING** the affirmative defense of qualified immunity as a matter of law.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of December, 2001.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE