IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS A. ACEVEDO GARCIA, et al.,  \*
    Plaintiffs  \*
vs.  \*  CIVIL NO. 97-2639 (JP)
HON. ROBERTO VERA MONROIG, et al.,  \*
    Defendants  \*



### OPINION and ORDER

**I.  INTRODUCTION**

On December 20, 2001, the Court held a hearing wherein the issues of reinstatement was among the issues discussed. After hearing the arguments of both parties, the Court is now prepared to render its decision on Plaintiffs Motion for injunctive relief in the form of reinstatement.

**II.  REINSTATEMENT**

In reference to the issue of injunctive relief for the reinstatement of Plaintiffs Edwin Alexis Plaza Ruiz, Lillian Torres Cabán, Iris B. Rivera Pérez, Sonia Bermúdez Sepúlveda, Nora E. Ruiz González, José D. Aponte, José A. Rodríguez Sobá, Juan A. Hernández Ramos, María E. Irizarry Rodríguez, Miguel A. Camacho Díaz, Luz N. Ramírez Plaza, Helga E. Maldonado Rodríguez, Luis A. Acevedo García,

CIVIL NO. 97-2639 (JP)                 2

Isabel Vélez Sepúlveda, José J. Rosado Alicea, Fermín Díaz Santiago, Luz Pérez Jiménez, Edirudis Ramos Quiñones, Flor M. Santiago Nieves, and Gabriel Caraballo Ortiz, the Court **DENIES** Plaintiffs' petition for their reinstatement.

Reinstatement is an equitable remedy which is available to the trial court as a means for righting the wrongs caused by an unjust dismissal. Santiago-Negrón v. Castro-Dávila, 865 F.2d 431, 437 (1st Cir. 1989). Nonetheless, this Circuit has "rejected the notion that finding a violation of first amendment rights leads a fortiori to reinstatement." Rosario-Torres v. Hernández-Colón, 889 F.2d 314, 321-322 (1st Cir. 1989). A district court must apply its discretion on a case by case basis in order to determine whether reinstatement is appropriate under the given circumstances. Velázquez v. Figueroa-Gómez, 996 F.2d 425 (1st Cir.), cert denied 510 U.S. 991, 144 S. Ct. 553, 126 L.Ed.2d 454 (1993).

The First Circuit stated that the following factors should be among the court's considerations when determining whether reinstatement is appropriate: 1) the strength of the evidence proving the first amendment violation; 2) whether the discharged employee has found comparable work; 3) the absence of a property right in the position because the employee was hired in violation of local law; and 4) the ineligibility of the employee for the position, due to failure to meet established qualifications, which would permit immediate discharge for no reason or any permissible reason; 5) whether or not the reinstatement would implicate federalism and comity concerns; 6) the length of time which has elapsed between the

CIVIL NO. 97-2639 (JP)                3

dismissals and reinstatement; and 7) whether plaintiffs were given a significant monetary award thereby making denial of reinstatement acceptable. Velázquez, 996 F.2d at 429; Acevedo-Díaz v. Aponte, 1 F.3d 62, 74 n.14 (1st Cir. 1993); Hiraldo-Cancel v. Aponte, 925 F.2d 10, 13-14 (1st Cir.), cert denied 502 U.S. 1004, 112 S. Ct. 637, 116 L.Ed.2d 655 (1991); Rosario-Torres, 889 F.2d at 322-24.

After carefully considering the issues and the factors listed above, the Court is of the opinion that factors 2, 5, 6, and 7 weigh heavily against reinstatement. Some Plaintiffs testified that they were able to find work after their dismissals. All Plaintiffs have been away from their positions within the municipality for approximately four and one half years. Due to this significant time elapse, the Court believes that reinstatement at this point would be unreasonably burdensome on the municipality. Finally, denying reinstatement is made less harsh by the fact that all Plaintiffs received adequate compensatory and punitive damages awards from the jury. In light of these circumstances, Plaintiffs' petition for reinstatement is hereby **DENIED**. This judgment of the Court is hereby **FINAL** and **APPEALABLE**.

Nonetheless, the Court believes that it is important to **NOTE** that prior to the commencement of the jury trial, Defendants had originally offered to settle the entire case of 82 Plaintiffs for the sum of **Nine-Hundred Thousand Dollars ($900,000.00)**. On November 23, 2001, the Jury returned a verdict in favor of Plaintiffs and against Defendants as to the first 20 Plaintiffs. The Jury awarded the aforementioned 20 Plaintiffs a total of Six Million Nine-Hundred

CIVIL NO. 97-2639 (JP)                4

Fifty-Six Thousand Four Hundred Dollars ($6,956,400.00) in compensatory and punitive damages. Now, Defendants do not offer any amount in settlement. The Court believes that such circumstances should not be considered in determining the rights of the parties when deciding the equitable remedy of reinstatement, and has decided the matter without considering these circumstances.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of March, 2002.

_____
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE