IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS A. ACEVEDO GARCIA, et al.,

    Plaintiffs

vs.    CIVIL NO. 97-2639 (JP)

HON. ROBERTO VERA MONROIG, et al.,

    Defendants

## O R D E R

On April 26, 2002, Plaintiffs filed a "Writ of Execution [of Judgment]", (**docket No. 282**). On May 14, 2002, Defendants filed their "Opposition to Plaintiffs' Writ of Execution" out of term (**docket No. 285**). Plaintiffs request that this Court issue an order directed to co-Defendants Roberto Vera-Monroig and the Municipality of Adjuntas to include in its budget for the incoming year (2002-2003), the amount of the Judgment entered on December 3, 2001 for 6,956,400.00, plus $96,300.00 for attorneys' fees, plus interests since the date of judgment. Plaintiffs also request that this Court issue an order directing co-Defendants Roberto Vera-Monroig and Irma González in their individual capacities to pay to Plaintiffs their respective punitive damages judgments in the sum of $300,000.00 each. Defendants oppose Plaintiffs' request and move this Court to stay the execution of judgment pending appeal without the posting of a supersedeas bond.

The Court has examined the arguments of the parties and **HOLDS** as follows:

Pursuant to Fed. R. Civ. P. 69(a), this Court must look to the Puerto Rico law to determine how to order the execution of judgment

CIVIL NO. 97-2639 (JP)                 2

"Proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held". Fed. R. Civ. P. 69(a). Accordingly, this Court applies the laws of Puerto Rico, Title 21 section 4303(c), which state, in pertinent part that "it shall be mandatory to include appropriations with sufficient credits for the following purposes, and in order of priority provided as below . . . (a) Interest, amortizations, and withdrawal from the municipal public debt; (b) other statutory expenditures and obligations; and (c) <u>payment of court judgments</u>" (emphasis added). As the judgment at issue for the first twenty Plaintiffs was final and is currently on appeal, accordingly, the Court **ORDERS** thus:

    1.    That the Hon. Roberto Vera-Monroig and the Municipality of Adjuntas **SHALL** include in the Municipal of Adjuntas budget for the upcoming fiscal year (2002 to 2003) the amount of the December 3, 2001 Judgment, the sums of $6,956,400.00 for compensatory damages including pain and suffering and loss of earnings; and $96,300.00 for attorneys' fees plus interests at the prevailing rate of interest for the upcoming fiscal year since the day of the Judgment.

Further, it is also **ORDERED** that:

    2.    Individual capacity co-Defendants, the Hon. Roberto Vera Monroig and Irma M. González, **SHALL** pay their respective punitive damages judgments of $300,000.00 each to Plaintiffs **on or before June 14, 2002.** Failure to pay this punitive damages judgment may result in Plaintiffs' proceeding with execution and garnishment of their personal and real property as provided by Rule 51.8 of the Commonwealth of Puerto Rico Rules of Civil Procedure; **or**

CIVIL NO. 97-2639 (JP)                3

Individual Capacity Defendants **SHALL** post a supersedeas bond in the amount of **$600,000.00** in order to secure a stay of any proceedings to execute on the judgment for punitive damages entered by this Court on December 3, 2001, pending Defendants' appeal of that judgment. The Court has considered Defendants' argument that Puerto Rico law does not require that Municipalities and official capacity defendants post bonds. The Court agrees with Defendants' argument, but **NOTES** however that this law does not apply to individual capacity defendants.

The Court has evaluated the issues related to staying this action, and has determined that the posting of a supersedeas bond in the amount of **$600,000.00** is the **condition precedent** for the staying of the execution of the punitive damages judgment pending appeal. Therefore, if Defendants wish to stay the enforcement of the punitive damages judgment pending the appeal of the instant case, Defendants **SHALL** post a supersedeas bond in the amount of **$600,000.00** to secure the punitive damages judgment. Said bond **SHALL** be secured by a duly qualified insurance company recognized, financially competent, and in good standing in Puerto Rico, and **SHALL** be posted forthwith. See generally Rivera Pérez v. Massachusetts General Hosp., 193 F.R.D. 43 (D. Puerto Rico 2000) (Pieras, J.) (discussing F.R.C.P. 62(d)). Further, Defendants are informed that a stay of execution of judgment is only effective when the supersedeas bond is approved by the Court. See Fed. R. Civ. P. 62(d).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of May, 2002.

_____
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE