IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS A. ACEVEDO GARCIA, et al.,

 Plaintiffs

vs.            CIVIL NO. 97-2639 (JP)

HON. ROBERTO VERA MONROIG, the
MUNICIPALITY OF ADJUNTAS, et al.,

 Defendants

## O R D E R

  The Court has before it Defendants' Memorandum of Law in Support of Further Staying of the Execution of Judgment Pending Appeal **(docket No. 297)** and Plaintiffs' Response Thereto **(docket No. 298)**. After examining the arguments and suggestions of the parties the Court hereby enters this Order regarding the staying of the execution of Judgment pending appeal.

  Plaintiffs have stated the following:

> Since Defendant[s] ha[ve] argued that they have the financial ability to get a loan from the Government Development Bank, we propose that if the Government Development Bank of Puerto Rico certify to this Honorable court that the Municipality of Adjuntas has ample borrowing capacity and that they have made a sufficient reserve to guarantee the payment of the judgment entered on December 3, 2001, [Plaintiffs] then will have no objection to the request of the stay.

<u>Plaintiffs' Response to Memorandum of Law in Support of Further Sta[ying] of the Execution of Judgment Pending Appeal</u> at 3, August 16, 2002 (docket No. 298).

  The Court consents to Plaintiffs' proposed solution to this issue and hereby **ORDERS** thus:

CIVIL NO. 97-2639 (JP)              2

1.  In accordance with the July 12, 2002, decision of the First Circuit Court of Appeals denying Defendants' motion for a stay or execution of Judgment, **on or before October 3, 2002,** Defendants **SHALL** obtain and file a Letter of Intent signed by the President of the Government Development Bank and a Certification before a Notary Public of a "Resolution" of the Board of Directors of the Bank explicitly guaranteeing that the Government Development Bank will issue a loan to the Municipality of Adjuntas in the amount of the payment of the Judgment entered on December 3, 2001. The Letter of Intent **SHALL** be issued by the Government Development Bank in such a manner that if this case is affirmed on appeal, the Bank is liable to make the loan to the Municipality, which in turn will pay the Judgment and will make the Government Development Bank co-debtor to the Plaintiffs up to the sum of the Letter of Intent's obligation, and considered in default of its obligation assumed herein and that the Judgment be executed against the Bank, and further sanctioned as a penalty in the sum equal to $4,000.00 per day for every day during which the Judgment plus interests remain unpaid from the date the Judgment becomes final and unappealable. Further, the Judgment, the interests, the penalty and the sanction **SHALL** be payable jointly and severally by the Defendants and the Government Development Bank; and

2.  The timely filing of the afore-stated Letter of Intent on or before October 3, 2002, **SHALL** result in this Court granting a stay of Judgment pending appeal. However, failure to file the afore-stated Letter of Intent in strict compliance with the particulars required in said letter **SHALL** result in this Court ordering the immediate execution of Judgment.

CIVIL NO. 97-2639 (JP)                    3

Further, it appears that the Government Development Bank is willing to loan the Municipality of Adjuntas money to secure the judgment. In the similar political discrimination case of María Gómez Candelaria v. Rivera Rodríguez, Civil No. 01-1391 (JP), Defendants who also seek a stay of the execution of Judgment by this Court, submitted a July 23, 2002, letter from Héctor Méndez, the President of the Government Development Bank of Puerto Rico confirming that the Municipality of Gurabo has "ample borrowing capacity . . . that $2,700,000.00 ha[s] been reserved as requested . . . and [that] [t]he funds will be disbursed upon request by the Court and completion by the Municipality of the appropriate documentation." See Exhibit 1 attached hereto from María Gómez Candelaria v. Rivera Rodríguez, Civil No. 01-1391 (JP), Defendants' Motion [for] Reconsideration or for Extension of Time to post Bond and/or Other Alternate Means of Assuring Execution of Judgment, Exhibit 1, (docket No. 191).

The Court sees no reason why the same type of procedure cannot be obtained in this case.

This Order renders **docket No. 292** and **docket No. 294 MOOT**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of August, 2002.

                                            JAIME PIERAS, JR.
                                            U.S. SENIOR DISTRICT JUDGE

EXHIBIT 1



**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

COMMONWEALTH OF PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Telephone (787) 722-2525

July 23, 2002

Hon. Jaime Pieras, Jr.
Senior Judge
US District Court for Puerto Rico
Federal Building
San Juan, Puerto Rico

Dear Judge Pieras:

Re:   Case No. 01-1391 JP
      María E. Gómez Candelaria, et al Vs.
      José A. Rivera Rodríguez, et al
      Mayor Municipallity of Gurabo

The Municipality of Gurabo has requested from this Bank, Government Development Bank for Puerto Rico, that we reserve $2,700,000 of it's borrowing capacity to guarantee the payment of the judicial decision in the above mentioned case.

The Bank hereby confirm that the Municipality has ample borrowing capacity and that $2,700,000 have been reserved as requested.

The funds will be disbursed upon request by the Court and completion by the Municipality of the appropiate documentation.

Sincerely,

Héctor Méndez
President

JVP/PPR/idjp