IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS ACEVEDO GARCIA, et. al.<br>    Plaintiff<br><br>           vs.<br><br>HON. ROBERTO VERA MONROIG,<br>et al.<br>    Defendants | CIVIL NO. 97-2639 (JP) |

## MOTION TO VACATE ORDER FOR CONTEMPT

To the Honorable Court:

COME NOW the MUNICIPALITY OF ADJUNTAS, through the undersigned counsel and respectfully informs the Court as follows:

"Civil contempt is committed whenever a person 'violates an order of a court requiring in specific and definite language that a person do or refrain from doing an act'." Brock v O'Brien Ambulance, 1987 U. S. Lexis 2780, (D. Mass) p. 3. To establish a prima facie case for contempt, the movant must establish noncompliance with a Court's Order. Id at 4 and cases cited. Quoting the Supreme Court in PROJECT B.A.S.I.C. v Kemp, 947 F. 2d 11 (1st Cir. 1991), the First Circuit, has forewarned that Congress restricted the contempt power of a Court by

> requiring that a federal court frame its orders so that those who must obey them will know what the court intends to require and what it means to forbid … The most fundamental postulates of our legal order forbid the imposition of a penalty for disobeying a command that defies comprehension. Local 1291, 389 US at 76.

PROJECT B.A.S.I.C. v Kemp, 947 F. 2d at 17. The Court further stated that "for a party to be held in contempt, it must have violated a clear and unambiguous order that left no reasonable doubt as to what behavior was expected and who was expected to behave in the indicated fashion." Id.

1

A brief procedural history of the actions that led to the order of contempt show that the requirements to impose the sanction of contempt are not present. On May 19, 2004, the First Circuit issued its Judgment of Defendants' appeals # 03-2103 and 03-2292. In that Order, the panel confirmed the Court's order forcing the Municipality to include in its budget the jury verdict against the Municipality and directed the District Court as to the amounts that had to be included. Nonetheless, the Court vacated the sanction of reinstatement for failing to include in its budget the judgment as previously ordered by the Court. After that Order was issued, Defendants requested an urgent settlement/status conference [docket 366]. On May 24, plaintiffs filed a Motion requesting an Order to include the judgment in the 2004-2005 budget. [docket 367] On June 1st, this Court granted Defendants' request and held "under advisement" plaintiffs' request. [docket 368] After a rescheduling, the conference was held on June 9 and on June 16 the Court issued a Settlement Agreement Order [docket 375] and an order to the Municipality to include a portion of the judgment in the 2004-2005 budget, thereby granting plaintiffs' request. [docket 374] On July 5, the Municipality filed a Motion in Compliance with Order, whereby it fully complied with the Court's order of June 16. [docket 376]. On September 14, this Court noted Defendants compliance in docket 380.

On August 18, 2004, plaintiffs filed a motion titled "Plaintiffs Renewed Motion for an Order of Contempt" in which plaintiffs request the payment of the judgment, because they have been unable to secure payment. [docket 379] Surprisingly, after having the Municipality complied with both the Circuit and the District Court's orders of budget-inclusion as noted by the Court on September 14, eight days later, on September 22, this Court grants plaintiffs' motion in docket 379, thereby finding Defendants in contempt. As the record clearly shows, there is no order from this Court that Defendants have failed to comply with. The Court's order of June 16, docket 374, directed the Municipality to include in its budget certain amounts of the judgment. This is the same

2

order which was appealed and which was affirmed by the First Circuit. Therefore, as of July 5, 2004, the Municipality could not be held in contempt for failing to comply with any order by this Court.

Regarding the individual capacity defendants, the same holds true. The Court's order of June 16, docket 374, specifically noted the following:

> This Order does not address the amounts that Plaintiffs are to recover as punitive damages from Mayor Vera-Monroig and Ms. González in their personal capacities.

The clear and unambiguous language of the Court's order leaves no margin for contempt, since the specific language of the order has not been violated. "In determining specificity, the party enjoined must be able to ascertain from the four corners of the order precisely what acts are forbidden". PROJECT B.A.S.I.C. v Kemp, 947 F. 2d at 17. A court's order for "failure to perform the act of payment" must comply with the requisite specificity. Baurim v Cournoyer, 448 F. Supp. 225, 227 (D. Mass, 1978).

Furthermore, although the Court has discretion to use its coercive power of contempt to force the payment of a money judgment, this remedy should be invoked only in the most compelling circumstances." Id. Here, plaintiffs have secured a budget-inclusion as they requested. Using a contempt order to force the payment of a judgment far beyond the payment capacity of the judgment-debtor and, as in this case, to force the Municipality to deposit by November 1st, all of its 2004-2005 budget and still fall short by over $2 million dollars is just the equivalent of sending someone to jail for failing to pay a debt. The concept of individual liberty which is so valuable for a citizen and which blocks a Court's execution powers, also applies to abstract entities like a municipal government when, as here, it will be forced to cease to exist on November 2, 2004, election day. The end result of this contempt order is even worse than jail for an individual, as it would require the shut-down of the public employer and service provider of thousands of individual citizens.

3

Finally and before closing, we want to call this Court's attention to the fact that although plaintiffs have been invoking the contempt powers of this Court over and over again, they have been deceitful to Defendants and to this Court. As clearly stated above, plaintiffs' request has always been that the Municipality include the judgment in the municipality's budget, first in 2003-2004 and later in 2004-2005. It is unconscionable that, once they achieved their request, they file a motion for contempt based on a new theory: that they have been unable to collect. Plaintiffs' attorney is a seasoned attorney in Puerto Rico and has, for over 20 years, been attorney for several municipalities in Puerto Rico. Therefore, he knows, more than any other attorneys in this case, what a budget-inclusion of a money judgment means in a municipal budget. Having requested that remedy and having obtained it, even by forcing the Municipality of Adjuntas to violate local law, his request for contempt is deceitful, at the very least. In fact, from plaintiffs' own motions it is evident that the request for contempt is not based on Defendants' failure to comply with any of the Court's orders. Therefore, not having provided the basic requisite of a prima facie case for contempt, the request should be dismissed altogether and the Court's order should be vacated.

RESPECTFULLY SUBMITTED. In Ponce, Puerto Rico, this 24th day of September, 2004.

The subscribing attorney certifies that on this day this Motion has been electronically filed with the Clerk's office through CM/ECF system and that all parties and attorneys of record will be notified through the Clerk's Office.

S/ *Johanna Emmanuelli Huertas*
Johanna Emmanuelli Huertas
USDC-PR-210506
THE LAW OFFICES OF PEDRO E. ORTIZ ALVAREZ
P.O. BOX 9009
PONCE, PR 00732-9009
Tel. 841-7575 Fax: 841-0000
poalaw@caribe.net

4