IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS ACEVEDO GARCIA, et. al. | CIVIL NO. 97-2639 (JP) |
| Plaintiffs | |
| vs. | Damages, Injunctive Relief and Discrimination Trial by Jury Requested |
| HON. ROBERTO VERA MONROIG, et al | |
| Defendants | |

**OPPOSITION TO PLAINTIFFS' OCTOBER 11TH URGENT MOTION,
MOTION INFORMING RESULTS OF DISCUSSIONS BETWEEN COUNSELS
REGARDING PAYMENT OF THE OUTSTANDING JUDGMENT,
FOR RECONSIDERATION OF THE SEPTEMBER 22, 2004 ORDER,
AND REQUESTING ORDER APPROVING A TWO-INSTALLMENT
PAYMENT PLAN OF THE OUTSTANDING JUDGMENT**

TO THE HONORABLE COURT:

COME NOW defendants, Municipality of Adjuntas, Hon. Roberto Vera Monroig and Irma González, in their official and personal capacities, through their undersigned counsels, and respectfully state and pray:

**I. RELIEF SOUGHT**

The appearing Defendants hereby request that the Honorable Court reconsider and set aside the portion of its September 22, 2004 Order requiring the full payment of the outstanding Judgment by no later than November 1, 2004, and that in turn it approve a two-installment payment plan whereby $3.5 million of the owed principal would be deposited by on or before **December 1, 2004**, and the remaining amounts in principal, attorneys fees, costs and post-judgment interests (including

interests owed up until June 30, 2004) would be deposited by on or before **July 29, 2005.**

## II. ARGUMENT

The Municipality of Adjuntas budgeted the Judgment (except for punitive damages) in its 2004-2005 Budget, as informed via Motion filed on July 5, 2004. Thereafter, commencing on June 28, 2004, the parties engaged in discussions directed at agreeing on the mode and timetable for payment of the outstanding Judgment. Defendants explored the possibility of satisfying the Judgment in installment payments. Plaintiffs' counsel suggested that we submit a proposal with the specific dates and payment amounts for his considerations. Officials from the Justice, Treasury Departments and the Office of Management and Budget went to the task of working out a reasonable and feasibly proposal that could be suitable for both parties for the payment of the Judgment.

However, during the course of those conversations, – and as an obvious tactic to put additional pressure on the Defendants– , the Plaintiffs filed on August 18, 2004, a *Renewed Motion for an Order of Contempt*, in which the Plaintiffs incorrectly implied that the Defendants were not engaging in good faith attempts to devise a mode and timetable for effecting payment.

The parties thereafter scheduled an Attorneys Conference for September 15, 2004, which had to be rescheduled for September 22, 2004, due to tropical storm Jeanne. Parties were going to discuss the payment of Judgment. Mr. Roldan was informed that the Defendants were prepared to propose specific amounts and payment days. In the meeting held on September 22, 2004, the Commonwealth of Puerto Rico, on behalf of the Defendants (including Mayor Vera-Monroig and Mrs. Irma Delgado-González), formally offered to satisfy the Judgment in three installment payments:

   First payment - Dec. 1, 2004 - $3,500,000

Second payment - July 2005 - $2,000,000

Third payment - July 2006 - $1,952,292.47 (the remainder of the Judgment)

Obviously, this offer meant that the post-judgment interests to be collected would be those accrued up to June 30, 2004.

**During this September 22nd meeting Mr. Roldán, acting as counsel for the Plaintiffs, agreed in principle to said three-installment payment schedule, subject to ratification "by his clients"[1], e.i. the twenty judgment plaintiffs**. Mr. Roldan requested that this offer be sent to him in writing. In due course, the undesigned counsel sent Mr. Roldán a letter on October 4, 2004, containing the September 22nd offer conditionally accepted by Mr. Roldán.

During this September 22nd meeting the attorneys also opened discussions on a possible settlement agreement for the remainder 62 plaintiffs. However, contrary to the twenty judgment plaintiffs, no agreement was reached on the remainder 62 plaintiffs. Yet, the parties are still engaged in ongoing discussions on the remainder 62 plaintiffs. Notwithstanding, the Defendants came out of the September 22nd Meeting believing that they had reached a settlement on the mode and payment of the December 3, 2001. Matters regarding the remainder 62 plaintiffs would then be subject to further discussions among the attorneys.

However, on September 23, 2004, this Honorable Court issued its latest Order, in which it required the individual Defendants to deposit the punitive damages portion of the Judgment plus interest ($634,906.45) by September 30, 2004, and also requiring the Defendants to deposit the non-

---

[1] Obviously, the only Plaintiffs who have an interest in the payment of the December 3, 2001 Judgment are the twenty individual plaintiffs whose succeeded in said Judgment. None of the other plaintiffs have any cognizable interest in the monies owed to the twenty judgment plaintiffs.

3

punitive portions of the Judgment and post-judgment interests ($6,726,198.80) by November 1, 2004.

Armed with this Order, Plaintiffs proceeded to renege on the conditioned agreement reached on September 22nd regarding the payment of the December 3, 2001 Judgment. Thus, on October 7, 2004, the Plaintiffs changed course and informed that now they demanded that any agreement on the payment of the December 3, 2001 Judgment would be conditioned on the settlement of the entire case, including the claims of the 62 remainder plaintiffs[2]. However, that is not what was agreed during the September 22nd meeting. The problem is further aggravated by the fact that Defendants were informed that all the plaintiffs wish to consider and approve any agreement as a group. This appears to mean that any agreement on the payment of the December 3, 2001, would be subject to the approval by the entire group of 82 plaintiffs, and not just the prevailing 20 judgment plaintiffs.

The Defendants want to pay the December 3, 2001 Judgment. The Defendants have endlessly searched for all feasible ways for paying the December 3, 2001 Judgment. Defendants are even willing to better their offer of a payment plan conditionally approved by Plaintiffs' counsel on September 22nd. Defendants are willing to pay the December 3, 2001 Judgment based on a two-installment plan whereby $3.5 million of the owed principal would be deposited by on or before **December 1, 2004**, and the remaining amounts in principal, attorneys fees, costs and post-judgment interests (including interests owed up until June 30, 2004) would be deposited by on or before **July 29, 2005.**

This two-installment payment plan will have the desirable benefit of assuring a full

---

[2] Plaintiffs then filed an *Urgent Motion* on October 11, 2004, requesting the imposition of further sanction on the Defendants.

liquidation of all amounts computed so far by the Honorable Court, thereby obviating the need for further judicial involvement in the computation and collection of the December 3, 2001 Judgment. Hopefully, this will be the end of this chapter of the case. This is a very reasonable payment plan, that is advantageous for all parties involved. The twenty prevailing judgment plaintiffs will receive their entire Judgment of $7,452,292.47 in just a period of seven months. The counsels for the Defendants have toiled arduously, have held numerous meetings, and has conversed and cajoled numerous high government officials in three separate Commonwealth agencies in order to be able to come up with this two-installment payment plan.

**WHEREFORE**, it is respectfully requested from this Honorable Court to **RECONSIDER** its September 23, 2004 Order, **DENY** Plaintiffs' Urgent Motion filed on October 11, 2004, and **APPROVE** Defendants' two-installment payment plan for paying the December 3, 2001, whereby $3.5 million of the owed principal would be deposited by on or before December 1, 2004, and the remaining amounts in principal, attorneys fees, costs and post-judgment interests (including interests owed up until June 30, 2004) would be deposited by on or before July 29, 2005.

RESPECTFULLY SUBMITTED.

IT IS HEREBY CERTIFIED that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys**: Israel Roldán-González, Esq., Johanna Emmanuelli Huertas, Esq. and Jorge Martínez Luciano, Esq.**

In San Juan, Puerto Rico, this 1ST day of November 2004.

SANCHEZ BETANCES & SIFRE, PSC
PO BOX 195055
SAN JUAN, PR 00919-5055

           PHONE 787-756-7880
           FAX 787-753-6580


           S/Luis V. Villares Sarmiento
           **LUIS V. VILLARES SARMIENTO**
           USDC-PR No. 216403

**200.003/Federal/49Motion**