## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **LUIS A. ACEVEDO GARCIA, ET ALS.** | * | |
| | * | |
| **Plaintiffs** | * | **Civil No.:    97-2639(JP)** |
| | * | |
| **vs.** | * | |
| | * | |
| **HON. ROBERTO VERA-MONROIG,** | * | |
| **ET ALS.** | * | |
| **Defendants** | * | |
| | * | |

*************************************************

## MOTION

**TO THE HONORABLE COURT:**

    **COMES NOW** plaintiffs, through the undersigned attorney, who very respectfully states and prays as follows:

    On September 22, 2005 this Honorable Court issued an Order which instructed plaintiff to provide defendant with information regarding which of the plaintiffs were employed after the dismissal and the gross salary of said plaintiffs.  Plaintiffs complied with this order and on October 14, 2005 we sent defendants the requested information.

    Defendants were ordered to make a settlement offer to plaintiffs on or before October 26, 2005, this didn't happen and instead of making the ordered settlement offer on October 19, 2005 brother counsel Segarra sent us a letter which stated as follows:

> "Thank you for your letter dated 14 October 2005, related to the matter of caption. The letter has been transmitted to our client via its Mayor without comment. No notwithstanding, I keep the doors and lines of communications open. I'll keep you advised."

On October 26, 2005 brother counsel Segarra sent us a second letter stating that he would probably be able to make a settlement offer but only as to loss of earnings, but no offer was made.   On October 28, 2005 we sent brother counsel Segarra a letter advising him that we had not received a formal settlement offer as ordered by the Court, as stated before defendant's offer was due on October 26, 2005.   On November 7, 2005 we sent another letter to brother Segarra informing him that in accordance to the Court's Order we had until November 10, 2005 to communicate defendant's settlement offer to the plaintiffs, but that in order to comply with the order we had to receive the settlement offer which we had not received.   On November 7, 2005 defendant counsel, Harry Segarra sent us another letter which stated a follows:

> "As heretofore indicated, I have been reading deposition transcripts and answers to the interrogatories tendered by individual plaintiffs.  Please let us know when and where you would like to meet to discuss settlement of some of the cases pending.  Our offices are open to your anticipated attendance."

No settlement offer was made.

On November 8, 2005 we sent a letter to brother counsel Segarra in which we inform him that we had no objections to discuss a settlement offer and we invited him to meet with us in our office on November 9, 2005.   On the same date, November 8, 2005, brother counsel Segarra sent us by fax a letter stating that he could not be in our office on November 9, 2005 because he had three depositions to take on that date but he could meet with us on November 11, 16, and 17 at his office in Ponce.   On the same date, November 8, 2005, brother counsel Segarra sent us a second letter which stated as follows:

> "With reference to your November 7, 2005 letter, please be advised that I have not received settlement authorization related to the matter of caption

2

as yet. In fact, I have not been able to speak with Hans Mercado, CPA related to his efforts. All I can state to you is that I am willing to sit with you to review the several cases I have reviewed to date. That I have no authorization authority does not mean we can not meet. The ball is in your court. Let us know if you are willing to meet and when and where."

On November 10, 2005 brother counsel sent another letter stating that regardless of weather or not they had settlement authorization they were willing to sit with us to discuss individual cases and advice as to what they believe are the merits and value for settlement purposes. No settlement offer was made. On November 11, 2005 we sent brother counsel a letter stating that we would be at his office on November 16, 2005 at 2:00 p.m. On November 16, 2005 we met with brother counsel Harry Segarra and Dr. Evelyn Quiñones and this time we went back to square one where instead of receiving a settlement offer they requested that we make a settlement offer.

In compliance with defendant's request although it was contrary to this Court's Order we sent a settlement offer as to the remaining 62 plaintiffs. On December 6, 2005 we received a letter from brother counsel Segarra which acknowledges receipt of our settlement offer, informed us that he passed it on to Dr. Evelyn Quiñones who would forward it to the Mayor of Adjuntas, Jaime Balucea and to his financial counsel, Hans Mercado.

Today, December 15, 2005 before filing this Motion we called brother counsel Segarra to inquire if he had received any settlement authorization form his clients and his answer was that they had not reacted to our settlement proposal and that as a matter of fact he still didn't have authorization to offer even a penny.

As this Honorable Court is well aware the main reason why this Honorable Court

ordered the severance of this claim was in order that it could be managed properly by the parties and the court and for the parties to have a proper evaluation of what the outcome of the remaining 62 claims could be and facilitate a settlement. The Jury Verdict as to the first twenty was entered on December 3, 2001. Since the first verdict four years have elapsed and as of today defendants have not made any serious settlement offer, not even after it was ordered by this Honorable Court. We respectfully request from this Honorable Court to take knowledge of the facts here stated and provide with whatever order this Court deems proper in order to end the above entitled claim that dates to the year 1997.

**WHEREFORE,** It is respectfully requested that this Motion BE GRANTED.

**I hereby certify** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Attorneys; Luis V. Villares Sarmiento, Esq., Sanchez Betances & Sifre, P.O. Box 195055, San Juan, Puerto Rico 00919-5055, lvillares@sbslaw.com, and Harry R. Segarra, Esq., Santa Maria Mall, 471 Ferrocarril Ave.-Suite207, Ponce, PR 00731, eqclaw@centennialpr.net.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico, this 15th day of December, 2005.

s / *Israel Roldán González*
**ISRAEL ROLDAN GONZALEZ**
**USDC-P.R. 115602**
**Attorney for Plaintiff**
**44 Progreso Street**
**Aguadilla, Puerto Rico 00603**
**Tel. (787) 891-1359 Fax.(787) 891-5000**
roldangonzalezpr@yahoo.com