IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. ACEVEDO GARCÍA, ET ALS. <br><br> Plaintiffs <br><br> Vs. <br><br> HON. ROBERTO VERA-MONROIG, ET ALS <br><br> Defendants | Civil No. : 97-2639 (JP) |

**MEMORANDUM OF LAW IN SUPPORT OUR REQUEST FOR EXECUTION OF JUDGMENT**

**COME NOW**, Plaintiffs, through the undersigned attorney, who very respectfully states and prays as follow:

In this case, Plaintiffs were dismissed on September 11, 1997, because of political discrimination and because of this they filed before this Honorable Court the above entitled claim. The trail of the first 20 plaintiffs began on October 12, 2001 and lasted 23 working days at the conclusion of the proceeding the Jury returned a verdict awarding each plaintiff a package of compensatory and punitive damages totaling $6,956,400.00  Defendants filed an appeal after this first trial, challenging the sufficiency of the evidence at trail, the severance of plaintiffs into four groups, the district court's denial of qualified immunity, numerous evidentiary rulings, the court's active participation at trial, the damage award, and the court's application of non-mutual offensive collateral estoppel.

It is proper to point out that when this court ordered the severance into four groups, defendants actively participated in this process and one of the purposes of this order was to facilitate to the parties the settlement of the remaining claims.  The court ordered plaintiffs to select 10 claims (four plaintiffs with harassment claims and six plaintiffs without harassment claim) and it ordered defendants to do the same.  After agreeing to this procedure they challenged

1

the same. The First Circuit Court affirmed the verdict entered by the Jury and the judgment entered by the court on August 21, 2003. The First Circuit Court said then:

> **The unique circumstances of this case presented the district court with a number of complex questions in areas that have previously received little attention in this Circuit. The court correctly resolved most of these issues in comprehensive written decisions that greatly aided our review on appeal. The court also acquitted itself admirably in managing this difficult litigation. The errors we have cited in no way detract from our admiration for and appreciation of the Court's work.**

An appeal was filed before the First Circuit Court when this Court on May 16, 2002 granted our motion requesting that the payment of the judgment be included in the City of Adjuntas's budget. On May 19, 2004 the First Circuit Court entered its judgment. The First Circuit Court, Circuit Judge Linch, began by stating defendant's deliberate intentions to obstruct and delay the payments.

> **In these appeals, we address the willful and longstanding efforts of a Puerto Rico municipality, its mayor, and its personnel director to obstruct and delay the payment.**[1]

Defendant's fourth appeal rose before the First Circuit Court that they were entitled to an automatic stay of execution under Rule 62 (f). That claim became moot because the time for a Certiorari under the judgment in Acevedo Garcia v. Vera-Monroig III had expired making the judgment firm, final and unappealable.

Defendants in their personal capacity file a "*Supplemental Response in Opposition to Plaintiff's Petition for Execution of Judgment*" (Dkt 499-1) in which they discuss the Rule 69 (a) of the Federal Rules of Civil Procedure and elaborate on the case of *Librotex, Inc. v. AAA*, 138

---

[1] See Acevedo-García v. Vera-Monroig (Acevedo-García III), 351 F. 3d (1st Cir. 2003); Acevedo-García v. Vera-Monroig (Acevedo-García II), 296 F.3d 13 (1st Cir. 2–2) (per curiam); Acevedo-García v. Vera-Monroig (Acevedo-García I), 204 F. 3d (1st Cir. 2000).

2

DPR 938 (1995). These allegations are not the first time defendants have raised them. The same were brought up in defendants Brief and Oral Arguments at the First Circuit Court of Appeal and were rule upon by the First Circuit Court in the Judgment of May 19, 2007.

As to these allegations the First Circuit Court said:

> **There is no merit to the defendants' argument that the budget-inclusion orders were not "in accordance with the practice and procedure of the state in which the district court is held" under Rule 69(a). In fact, the Puerto Rico Autonomous Municipalities act <u>mandates</u> that money judgments against a municipality be included in the municipal budget for the next fiscal year:**
> **In the general budget draft resolution of each municipality, it shall be <u>mandatory</u> to include appropriations with sufficient credits for the following purposes, and in the order of priority provided below:**
>
> **(a)     Interest, amortizations and withdrawal from the municipal public debt;**
> **(b)     Other statutory expenditures and obligations;**
> **(c)     <u>payment of court judgments</u> . . .**
>
> **21 P.R. Laws Ann § 4303 (emphasis added). The same conclusion was reached by the district court, which specifically cited § 4303 (c) in its May 2002 budget-inclusion order.**
> **The Town acknowledges § 4303 (c) but argues that the statute should not be literally enforced where, as the Town says is the case here, the judgment in question is so large that complying with § 4303(c) would make it impossible for the municipality to balance its budget. The Town says that other provisions of the Autonomous Municipalities Act require it to maintain a balanced budget, so it is not free to comply with § 4303 (c) under the circumstances.**
> **We are not persuaded. The Town relies on 21 P.R. Laws Ann. § 4301, which provides in relevant part:**
> **The Mayor shall draft the balanced Budget Resolution bill of income and expenditures of the municipality for each fiscal year, which he/she must present before the municipal Assembly together with a budget message, no later than the 15th of May of each year...**
> **For purposes of these appeals, we will accept the Town's representation that § 4301 requires the mayor to submit a balanced budget to the municipal assembly. But nothing in this or any other provision cited by the Town suggests that the balanced-budget requirement excuses a municipality from complying with the "mandatory appropriation" rules in § 4303. On the contrary, § 4303 itself outlines some of the expenditures**

3

that the mayor must consider "[i]n order to estimate the resources to draft and balance the budget." Id.  Under § 4303, the mayor has no discretion to decline to fund court judgments - - their inclusion in the budget is "mandatory."  The defendants' suggestion to the district court that he Town would be "automatically fined" for including the judgment in its budget borders on willful misrepresentation.

Statutory arguments aside, there is no necessary tension between the requirement that the mayor submit a balanced budget and the command in § 4303 that court judgments be promptly paid.  After all, the Town was prepared to pay the entire judgment in October 2002 by securing a loan form the Government Development Bank - - a loan that, presumably, the Town would have repaid over a period of years consistent with its budgetary obligations under Puerto Rico law.  Although that loan was turned down for reasons not in the record, the Town has made no effort to show that alternative forms of financing (bonds, private lenders, ets.) are unavailable.  Cf. 21 P.R. Laws Ann. § 051 (h) (municipalities have the power to "[c]ontract loans . . . and incur debts in the form of borrowings, bond issues or notes").  In the plaintiffs' words, the Town's "responsibility is to fund payment of the judgment, and to do so by whatever financing means will accomplish appropriate objectives of the [Town], including balancing the budget."

The Town's remaining arguments base on Puerto Rico law are also unavailing. The Town says that the budget-inclusion orders are inconsistent with Puerto Rico law prohibiting the attachment or garnishment of public funds.  But a court does not "attach" public funds by ordering that future budgets take account of court judgment, as the Puerto Rico Supreme Court has recognized.  See Librotex, Inc. v. P.R. Aqueducts & Sewer Auth., 138 D.P.R. 938, 942-43 9p.r. 1995) (direct attachment of the funds of a public agency was impermissible, but an equitable order requiring the judgment to be included in the agency's next budget cycle was acceptable).  The Town further argues that the budget-inclusion orders in this case were tantamount to a supersedeas bond requirement, and under Puerto Rico law, municipalities are exempt from such requirements.  See P.R. R. Civ. P. 69.6(a).  The analogy fails: Puerto Rico law not only permits but requires municipalities to include court judgment in their annual budgets. § 4303 (c).  Moreover, by defendants' logic, virtually any form of judgment security required of a municipality would be tantamount to a supersedeas bond and, thus, precluded by Puerto Rico law.  We do not think that Puerto Rico law so insulates municipalities from their judgment creditors.

We hold that the district courts' budget-inclusion orders were consistent with Puerto Rico law and, accordingly, not in violation of Rule 69(a).

The First Circuit Court ended its judgment by stating:

> **We add this. The defendants have now had nearly thirty months since the District Court's December 2001 judgment to plan how to meet their obligations should the judgment be affirmed. They have not done so. On the contrary, they have engaged in what appears to be a deliberate strategy of obstruction and delay. The consequences of defendants' initial illegality and continuing irresponsibility should fall on them. If there are ramifications under Puerto Rico law for the defendants' failure to meet their obligations under federal law, so be it - - it is not the function of the federal courts to extricate defendants from a mess of their own making. Had defendants applied themselves with diligence to addressing the problem, rather than engaged in willful blindness, we doubt this matter would be before us for the fourth time.**

Our efforts to settle this claim in order to avoid a lengthy litigation, that considering that three groups of twenty, twenty and twenty-two plaintiffs have not had their day in court, will have easily occupies various months of this court's time, were at least arduous and tortuous. Finally we were able to arrange a meeting at the mayor's office. At this meeting were present sister counsel Evelyn Quiñones-Carasquillo, the mayor's financial adviser, Mr. Hans Mercado, the Mayor and the subscriber, as counsel for plaintiffs. At this meeting an offer of $12.5 million was accepted by the mayor in the presence of his advisors.

At the settlement conference we asked the mayor if he believed that he could comply with the payment of the judgment within the 60 days that he had presented to us, he answered in the affirmative but stated that it would be better if he could be granted 90 days. We told him that we were willing to grant 120 days for the payment of judgment and this was agreed by all the parties. To this effect the final judgment (Dkt. 489) states as follows:

> **This sum must be paid within one hundred and twenty days form entry of this judgment. The parties consent to the Court retaining jurisdiction to enforce this judgment.**

After this meeting we sent a letter to all the plaintiffs informing them that a final judgment had been entered and that the only difference between what I had previously informed them and they had authorize me to accept was that instead of 60 days the judgment would be paid in 120 days. They all agreed with my decision.

The defendants in this case have fail to comply with the Final Judgment entered on November 14, 2006 (Docket 489) and the terms of payment stated in the Settlement Agreement. (Docket 490) As stated in previous motions the actual mayor of Adjuntas, Honorable Jaime Barlucea signed an Agreement in which was enter judgment, in which the Municipality of Adjuntas agreed to pay plaintiffs the amount of $12.5 million dollars. The payment was to be made by March 15, 2007. As of today, the Municipality of Adjuntas has failed to pay its obligation under the aforementioned settlement agreement and would obligate us to conclude that the defendants are obstructing and delaying in a willful and longstanding effort the payment of the judgment in this case.

In view of defendant's failure to pay its obligation under the aforementioned settlement agreement, plaintiffs, pursuant to Federal Rules of Civil Procedure 69, requested that an Order of Execution of Judgment be entered against the Municipality of Adjuntas and that the U.S. Marshall be ordered to proceed forthwith and seize any and all money, funds, and/or property of defendant Municipality of Adjuntas, up to the amount of $11,895,596.53 plus interest at the legal rate from November 14, 2006 until full payment is received. ((Defendants made a partial payment of $615,000.00)

The Federal Rules of Civil Procedure 69, states in it pertinent part that:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the *practice and procedure of the state in which the district court is held*, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

6

In Puerto Rico the process to enforce a judgment for the payment of money is regulated by the Rules of Civil Procedure. In regards to this matter Rule 51.2 of the Puerto Rico's Civil Procedure states that:

Rule 51.2. Proceedings in cases of judgments for payment of money

> Process to enforce a judgment or order for the payment of money and to collect the costs awarded by the court shall be a writ of execution. The writ shall specify the terms of the judgment and the amount actually due. Every writ of execution shall be directed to the marshal. In execution cases, including those where a judicial sale is ordered, the marshal shall deliver to the clerk the writ duly served and any surplus in his possession within fifteen (15) days after the date of such execution. A writ of execution may issue upon one or more judgments or orders in the same action.

On the other hand**,** we call to this Honorable Courts attention that the District Court of Puerto Rico, recently issue a Writ of Execution on the case of *Bernadette Borrero vs. Rafael Montalvo* (3:02-cv-02-1214cc), directing the U.S. Marshall for this District to proceed forthwith and seize any and all monies, funds and/or property of defendant Municipality of Maricao. This Writ of Execution was issued on the same basis of the case at bar. On *Bernadette*, the plaintiff filed a Writ of Execution because of defendant's non-compliance with the payment terms of the Judgment entered by this Honorable Court, which incorporated a settlement agreement reached by the parties.

The plaintiffs in this case have requested that an Order of Execution of Judgment be entered against the Municipality of Adjuntas and that the U.S. Marshall be ordered to proceed forthwith and seize any and all money, funds, and/or property of defendant Municipality of Adjuntas, up to the amount of $11,895,596.53 plus interest at the legal rate from November 14, 2006 until full payment is received. This request comes in accordance with the Circuit Court Judgment of May 2004 in which it stated that the case be **"remanded to the district court for consideration of alternative sanctions"**. (Circuit Court Judgment of May 19, 2004, p.23) As

previously requested we pray for this Honorable Court to impose the following sanctions:

1. That defendants be ordered to deposit within 10 days the amount of $10,596.53 that they owe from the first judgment.

2. Pursuant to 28 U.S.C. 1961 (a) post-judgment interests are awarded from the date the Judgment was entered, November 14th, 2007.

3. That defendants be ordered to pay the remaining balance of the final judgment within 60 days.

4. In accordance with the Order entered by this Court on September 22, 2004 (Dkt. 381) defendants be warned that any tardiness in the deposit of the funds on the dates they are ordered shall result in a fine of $3,000.00 for each day they are late.

**WHEREFORE** the appearing plaintiffs respectfully pray to the Honorable Court that a Writ of Execution be **Granted.**

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the attorneys in this case.

**RESPECTFULLY SUBMITTED**

In Aguadilla, Puerto Rico, this 15th of May of 2007.

*s/ Israel Roldán Gonzalez*
ISRAEL ROLDAN GONZALEZ
USDC-P.R. 115602
Attorney for Plaintiffs
44 Progreso Street
Aguadilla, PR 00603
Tel.: 787-891-1359
Fax: 787-882-5000
roldangonzalezpr@yahoo.com