IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. ACEVEDO GARCIA, ET ALS. * <br> * <br>     **Plaintiffs** * <br> * <br> vs. * <br> * <br> HON. ROBERTO VERA-MONROIG, * <br> ET ALS. * <br>     **Defendants** * <br> * | Civil No.:   97-2639(JP) |

**************************************************

**MOTION**

**TO THE HONORABLE COURT:**

    **COMES NOW** plaintiffs, through the undersigned attorney, who very respectfully states and prays as follows:

    In the above entitled case a Stipulation and Judgment was entered on November 15, 2006. (docket 489) This stipulation was signed and approved by the legal counsel of all the parties, as well as by the actual Mayor of Adjuntas, Honorable Jaime Barlucea.

    The agreement that the Judgment was to be paid on 120 days was an essential part of the negotiations and was what moved the 62 plaintiffs that remain in this claim to accept the same. As of today defendants have not complied with the Agreement and Judgment.

    Counsel for defendant, Municipality of Adjuntas, has informed us that they are trying to get a loan from the Government Development Bank and that they are trying to schedule a meeting with the person in charge of Federal Litigation at the Justice Depart. As of today the loan nor the meeting has materialized.

    We have tried, as we offered at the status conference, to present to the defendants what has been our experience in previous cases. We even invited the legal and the

financial counsel of the defendants to a meeting to explain to them that a new law was signed by the Governor on July 2007 which gave the Municipality of Adjuntas (among others) a greater loan capacity. To our dismay we were informed by the Financial Advisor of the Mayor, Mr. Hans Mercado, that they had already incurred in a new obligation that ties the new loan capacity.

We inform defendants that Law 9 (32 LPRA 2092) states in part;

"In case the affected Government corporation or instrumentality, or municipality, does not have necessary funds available to defray said amount, the Commonwealth shall make payment thereof. The Government corporation or instrumentality, or the municipality, shall subsequently reimburse said amount as the Secretary of the Treasury may determine with the advice of the Governing Board of the Government corporation or instrumentality, or the Municipal Legislature of the municipality",

but in order to force the Justice Department to order the payment they have to file suit in State Court because in Federal Court the Eleventh Amendment bars suit against states for money damage. As of today nothing has been filed.

On May 15, 2007 (docket 503) this Honorable Court ordered defendants to develop a financial plan for payment of the Final Judgment and tender this plan to plaintiff. Although counsel for defendant, as stated before, have informed us that they are trying to procure a loan and a meeting in the Justice Depart, a financial plan of how the municipality intends to pay the final judgment has not been presented to us in a formal way as ordered.

In our May 24, 2007 motion we said; (docket 505)

"We have a copy of the budget proposed to the Municipal Legislature for the fiscal year 2007-2008 by the Mayor, Jaime Barlucea. This budget adds up to $8,131,892.00. Last years budget was of $7,468,203.00 this is $663,689.00 more. This translates to, that without making any economies or any reduction in their current budget the mayor is proposing more expenses without considering that there is a Judgment to be paid. In their

new proposed budget we have the following expenses that can easily and without affecting the primary service of the Municipal Government has to provide, be used to partially pay the Final Judgment."

| Account # | Description | Amount |
|---|---|---:|
| 01-02-04-9405 | public relations | $ 5,000.00 |
| 01-03-04-9411 | professional services | 200,000.00 |
| 01-03-04-9412 | non-professional services | 26,576.00 |
| 01-03-04-9415 | public relations | 10,000.00 |
| 01-03-04-9421 | traveling expenses | 5,000.00 |
| 01-03-04-9447 | donations | 2,000.00 |
| 01-03-04-9465 | miscellaneous | 100,000.00 |
| 01-04-04-9465 | miscellaneous | 12,000.00 |
| 01-07-04-9411 | professional services | 12,000.00 |
| 01-08-01-9176 | special bonus | 91,000.00 |
| 01-08-04-9412 | incentive project | 100,000.00 |
| 01-09-04-9447 | donations | 36,000.00 |
| 01-09-04-9484 | marathon | 21,000.00 |
| 01-14-04-9421 | students trip | 45,000.00 |
| 01-14-04-9480 | patron festivities | 120,000.00 |
| 01-14-04-9481 | festivities or activity I | 45,000.00 |
| 01-14-04-9482 | festivities or activity II | 30,000.00 |
| 01-14-04-9483 | Christmas festivities | 45,000.00 |
| 01-14-04-9484 | Faith congress | 25,000.00 |
| 01-16-04-9447 | donations | 100,000.00 |
| 01-28-04-9901 | donations | 4,000.00 |

This adds to............................................................................... **$   1,034,576.00**

"To this we have to add account 01-03-04-9470 for Judgment $200,000.00 and three different accounts for legal services that add up to $151,200.00.

3

The Municipal Government of Adjuntas is making no real effort to pay this Judgment. It is not sufficient to say that they will obey this Court's Order when the record shows on different occasions they have not. They have to make a good faith effort in reducing non-essential expenses and present a well thought plan that provides for the payment of the Final Judgment during a reasonable period of time.

We strongly believe that without reducing the essential services that the Municipal Government has to provide to the citizens of Adjuntas they can allocate no less than $2,000,000.00 annually for the payment of this Judgment and with a well thought austerity plan they can allocate up to $3,000,000.00 for the payment of this Judgment.

We respectfully request from this Honorable Court that defendants be ordered to pay the Judgment in a way that does not represent a miscarriage of Justice. Defendants have to realize the seriousness of their voluntary agreed obligation that ended in the Final Judgment, making economies and reductions in their expenses. Serious and urgent actions are needed from defendants in order for the judgment to be enforced in a way that makes justice to plaintiffs."

Defendants response (docket 506) was;

"A. Upon receipt of the "Motion" authored by plaintiffs' counsel, I had no where to go but the peace and tranquility of our library.

1. I searched in our bookshelves and focused on William Shakespear's, Hamlet.

2. I was lucky to find the famous and inspirational words of Prince Hamlet of Denmark.

3. "To reply or not reply", was the question' and over the counsel and objection of several of my colleagues, I now take arms against a sea of troubled waters.

4. My recollection of our obligations to this Honorable Court was that the financial advisor to Adjuntas would prepare a plan or plans as to how to pya off the judgment of this honorable Court as quickly and expeditiously to plaintiffs.

5. The following is our recollection of our commitments and if we are confused or in a state of forgetfulness, I beg the assistance of all counsel present during our last hearing.

6.  The financial advisor was to research and study the financial situation which Adjuntas has faced, is facing, and will face in the future.

7.  He did so and came up with two (2) options which, are not acceptable to plaintiffs' counsel.

8.  Plaintiffs would criticize and, in fact criticized, the budget's limitation and constraint of the present administration.

9.  They suggest the services of a barber to pay the "Judgment" a task not easily accomplished without harm to the citizens and residents of Adjuntas.

10. The plaintiffs criticize and reference accounts 01-03-04-9411, 01-03-04-9465 and 01-16-04-9447.

11. They specifically aver that three (3) accounts are for legal serviced.

12. It is cases, like the one of caption, that accountant for the amounts singed out by plaintiffs.

13. Plaintiffs limit themselves to averring that "They have to make a good faith effort in reducing nonessential expenses...".

14. Plaintiffs have gone so far as to suggest that subpoenas be issued to the Chief Executive Officer of Puerto Rico, his assistants and department heads to appear before this Honorable Court.

15. The suggestion has not and will not be accepted, especially since Standard and Poors' opinion re: the value of the Commonwealth's bonds.

16. That is not to say that we would oppose such a tactic to bring to bear this case to a conclusion.

17. Reference to a "well thought out plan" is naught but a play on words.

18. Adjuntas can only survive, abby and with a well administered0000000000 government.

19. What plaintiffs appear to suggest is a petition to the U.S. Bankruptcy Court.

20. That is not the solution and we strongly aver that the mayor of Adjuntas will not resort to such recourse."

Defendant failed to recall that the Judgment in this case was a stipulation signed by the mayor in which he presented to this Honorable Court that the judgment was to be paid on or before March 15, 2007.

By stipulation of the parties this Honorable Court retained jurisdiction for the enforcement of the judgment. The inherent power of this Honorable Court includs the enforcement of a Judgment that its date of payment was stipulated.

The mayor has to assume his obligations to pay the judgment, obligation that as of today he has refused to comply with.

We respectfully request from this Honorable Court to once more issue an order directed to defendant to develop a financial plan for the payment of the judgment, as it was previously ordered. (docket 503) That this be a detailed and supported by documents plan and that this plan be presented to plaintiff for our review. We request that this plan be presented within 10 days and that plaintiff be allowed 5 days to review the same and inform the Court if this plan is or not acceptable to the plaintiffs.

If the financial plan is not accepted by plaintiff we request that the mayor, the Financial Director and or the Treasurer of the City of Adjuntas, and the Financial Advisor, Mr. Hans Mercado be ordered to appear for deposition within 10 days of plaintiffs' notification that the plan has been rejected. (Saldaña v. Lopez Gerena 256 F. 3d 1, 17, opinion of the First Circuit decided on July 12, 2001) Federal Rules of Civil Procedure 64(a), State Rules of Civil Procedure 51.4.

If the plan is accepted by the plaintiffs we respectfully request that defendants be ordered to faithfully comply with the accepted plan under admonishment that serious and severe sanctions will be imposed for their failure to comply.

We also request that interest be ordered to be paid on the outstanding amount of the Judgment since the date they agreed to pay and did not, March 15, 2007.

Finally we will like to address that a balance of $10,596.53 is still outstanding from the Court's partial judgment entered on 2002 (docket 275). At the status conference held before this Honorable Court sister counsel Ana Margarida Julia said that she would determine whether the $10,596.57 is owed by the municipality or by the former Mayor Vera Monroig. The municipality confirmed that $10,596.53 is still outstanding from the court's partial judgment but they argue that the former mayor might be the one responsible for the payment. As of today no determination has been made. We request that a final determination be made as to whom has to make this payment.

**WHEREFORE,** we respectfully requested that this Motion BE GRANTED.

**I hereby certify** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Attorneys; Harry R. Segarra, Esq., and Evelyn Quinones, Esq. Calle Murcia 1910 La Rambla, Ponce, PR 00730, , eqclaw@centennialpr.net.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico, this 5th day of October, 2007.

*s/ Israel Roldán González*
**ISRAEL ROLDAN GONZALEZ**
**USDC-P.R. 115602**
**Attorney for Plaintiffs**
**44 Progreso Street**
**Aguadilla, Puerto Rico 00603**
**Tel. (787) 891-1359 Fax.(787) 891-5000**
roldangonzalezpr@yahoo.com