IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. ACEVEDO GARCIA, ET ALS. | |
| Plaintiffs | |
| vs. | Civil No.: 97-2639(JP) |
| HON. ROBERTO VERA-MONROIG, ET ALS. | |
| Defendants | |

## MOTION

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiffs, through the undersigned attorney, who very respectfully states and prays as follows:

Defendants have filed a Motion entitled "Reply to Plaintiffs Motion" (docket 513). This motion far from a reply is a statement by defendants that they have no real intention to comply with the Judgment entered by stipulation and with the approval of this Honorable Court (docket 489).

It is proper that we state for the record the history of the problem that we are facing in executing the Judgment. Back in September 2006 we attended a meeting at the Mayor's Office in which the Mayor, Jaime Barlucea, CPA Hans Mercado, Esq., (Financial Advisor of the Municipality of Adjuntas) and Evelyn Quinones, Esq., (Legal Advisor for the Municipality of Adjutnas) were present. At this meeting the Mayor made a settlement offer of $11,000,000.00, amount that he presented to us he could pay. Considering that the claim of 62 plaintiffs were to go to trial and we already had a Final Judgment as to the first

20 plaintiffs, we made a counteroffer of $15,000,000.00. After a long discussion with offers and counter-offers we all agreed to a Judgment of $12,500,000.00. The next issue was when this Judgment was to be paid and the Mayor presented to us that he could pay the same in 60 days.

That same day we had a meeting with a majority of the plaintiffs and we explained to them the settlement that was reached and the time for the payment. They authorized us to go ahead with the settlement. Since not all the plaintiffs were present at this meeting we held a second meeting, this time with all the plaintiff where we explained once more the settlement and the time for payment and again we were authorized by plaintiffs to accept the settlement presented by the Mayor of Adjuntas, Hon. Jaime Barlucea.

On November 14, 2007 a settlement conference was held before this Honorable Court in which the settlement was explained to the Court. At the meeting with plaintiffs I had told them that if more days were needed if they agreed that I consented to an extension of the payment date. They all agreed that I would use my best judgment as to this matter. At the settlement conference when I brought up the subject of the payment time, I specifically said that because of my experience with previous cases the Mayor would need more than 60 days. At this time the Mayor said that 90 days would be more than enough. It was I who told the Judge that 120 days would be more proper. I distinctively recall that the Honorable Judge, Jaime Pieras told the Mayor that he could not complain because I was giving him more time that what he was requesting. A settlement was drafted and signed by all the parties present including the mayor stating the amount to be paid $12,5000,000.00 and the payment due date was set at 120 days. That was for March 15, 2007.

A settlement conference has been scheduled for December 12, 2007 at which time almost 13 months have passed since the Final Judgment was entered and 9 months have elapsed since the Mayor of Adjuntas, Hon. Jaime Barlucea had to pay this Judgment.

We began this motion stating that defendant's motion is far from a reply to our previous motion (docket 509) because in it we are asking this Honorable Court to order defendant to present a final and realistic payment plan, to order defendant to be submitted to deposition and to impose sanctions from the date that the judgment was to be paid March 15, 2007.  Instead of presenting a realistic payment plan defendant statement is summarized in saying that they requested a loan and the same has been denied.

Defendant presents no alternatives such as reduction in the expenses that were included in the 2007-2008 budget, in order to generate economies, the selling of real estate property, authorized by law (21 L.P.R.A 4455), obtaining loans under private banking institutions and the Government Development Bank for an amount less than the outstanding Judgment.  We are convinced that probably this alternatives if taken separately they will not generate the amount due to plaintiffs, but the combination of them will be a serious and honest effort to comply with their legal obligation and would generate sufficient funds to pay what is legally owed to plaintiffs.

Last but not least we notice paragraph 4 and 6 (there is no paragraph 5) of defendant's motion.  Sister counsel, Evelyn Quinones told us that they believe that the reason why they could not get a meeting at the Justice Department or get the attention of the Government Development Bank was that Mayor Barlucea was a member of the New Progressive Party and the Central Government responds to the Popular Democratic Party and the fact that the former mayor got a loan and they couldn't was political discrimination.

I gave them two suggestions: First, that they consult a lawyer that had access to the government and second, that they sue the government in State Court if they believed in fact that they were being politically discriminated.

We respectfully reiterate our request that sanctions be imposed to defendants for their failure to comply with the terms and conditions of the Final Judgment entered by stipulation and that on or before the date of the scheduled hearing defendants present a serious and real payment plan which should include among others a drastic reduction in the budget expenses, the selling of real-estate property and loans from private and government financial institutions. Under no circumstances should Mayor Barlucea leave with the impression that his obligation is limited to request a loan for the full amount owed to plaintiff with the Government Development Bank. This is a Final Judgment and he was the one that presented to this Honorable Court that he could pay in the time that was agreed.

It is not for the mayor to decide when and how he is to obey a Judgment entered by the United States District Court.

**RESPECTFULLY SUBMITTED.**

**WHEREFORE,** we respectfully requested that this Motion BE GRANTED.

**I hereby certify** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Attorneys; Harry R. Segarra, Esq., and Evelyn Quinones, eqclaw@centennialpr.net.

In Aguadilla, Puerto Rico, this 5th day of November, 2007.

*s/ Israel Roldán González*
**ISRAEL ROLDAN GONZALEZ**
**USDC-P.R. 115602**
**Attorney for Plaintiffs**
**44 Progreso Street**
**Aguadilla, Puerto Rico 00603**
**Tel. (787) 891-1359 Fax.(787) 891-5000**
roldangonzalezpr@yahoo.com