IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. ACEVEDO-GARCIA, et al.,<br><br>        Plaintiffs<br><br>            v.<br><br>HON. ROBERTO VERA-MONROIG, et al.,<br><br>        Defendants | CIVIL NO. 97-2639 (JP) |

**ORDER**

The Court has before it Plaintiffs' motion (**No. 491**) for execution of the Court's Final Judgment. For the reasons stated herein, that motion is **GRANTED**.

The Final Judgment, which was entered on November 15, 2006 with the consent of the parties (No. 489), is in favor of the Plaintiffs to have and recover the sum of $12,500,000.00 from the Defendants. To date, Defendants have paid only $615,000.00. Plaintiffs filed several motions to obtain payment of the outstanding $11,985,000.00, and the Court rules on them as follows:

In their first motion for execution of judgment (No. 491), Plaintiffs inform the Court that a balance of $10,596.53 is still outstanding form the Court's partial judgment entered in 2002 (No. 275). They request that the Court order the municipality to pay that amount plus the outstanding $11,985,000.00 from the Final Judgment within sixty days, with a penalty of $3,000.00 per day late

CIVIL NO. 97-2639 (JP)          -2-

plus post Judgment interest in the amount of ten percent.  Plaintiffs move (No. 497) for an order to show cause why the mayor of Adjuntas should not be held in contempt, and for an order imposing attorney's fees on the municipality due to "the frivolous and contumacious behavior it has shown towards complying with the terms of the settlement agreement, which has required the filing of several post-judgment motions and other numerous time and energy consuming tasks, for which [the] plaintiffs should be compensated."  Plaintiffs move for an execution order permitting the Clerk to issue writs of attachment on "any and all money, funds, and/or property of defendant Municipality of Adjuntas, up to the amount of $12,510,596.53."  Plaintiffs move (No. 501) the Court to order the municipality to include the Final Judgment in its budget for the 2007-2008 fiscal year.  Plaintiffs filed a motion (No. 505) by which they criticize Mayor Barlucea's budget proposal, and request the Court order the municipality to pay the Final Judgment "in a way that does not represent a miscarriage of [j]ustice."

    Plaintiffs also filed a motion (No. 509) reiterating the request that an order be issued to defendants to develop a financial plan for the payment of the judgment as it was previously ordered (No. 503).

    Finally Plaintiffs present a motion (No. 519) requesting that sanctions be imposed on Defendants for their failure to comply with the terms and conditions of the Final Judgment and reiterate that

CIVIL NO. 97-2639 (JP)           -3-

Defendants be ordered to present "a serious and real payment plan for the payment of the Final Judgment."

A status conference was held in the undersigned's chambers on May 30, 2007, and a second conference was held on December 14, 2007. Attorneys for all parties were present. At the conferences, Plaintiffs argued that this Court has the authority to order the Commonwealth of Puerto Rico to pay the judgment. The municipality of Adjuntas informed the Court that it has requested Law 9 (32 L.P.R.A. 2092) benefits on with respect to payment of the judgment, and that request was denied.

The municipality confirmed that $10,596.53 is still outstanding form the Court's Partial Judgment after the jury verdict, but said that former mayor Roberto Vera-Monroig might be the defendant responsible for payment in his individual capacity. The municipality stated it did not have the documents to confirm the party responsible for payment of the outstanding $10,596.53. Attorney Ana Margarida Juliá, Esq., on behalf of Roberto Vera-Monroig in his individual capacity, said she would determine whether the $10,596.53 is owed by the municipality or by former mayor Vera-Monroig.

Attorney Ana Margarida Juliá has informed attorney Israel Roldán-González (Plaintiffs' counsel) that she was informed by Hans Mercado, the Municipal Government's financial aide present during both status conferences, that he had received evidence indicating that the remnant amount was owed by the municipality and that she

CIVIL NO. 97-2639 (JP)            -4-

held conversations on this issue with former defense counsel, Jorge Martínez-Luciano, who represented the municipality of Adjuntas, and counsel Luis Villares, on behalf of individual Defendants, and was informed that the remnant amount was owed by the municipality. In addition, counsel Martínez-Luciano informed counsel Ana Margarida Juliá that all documents pertinent to the matter were sent to the municipality of Adjuntas after the change in administration in 2005.

The Court first disposes of Plaintiffs' motion (No. 521) requesting the balance of $10,596.53 still outstanding from the Court's Partial Judgment entered 2002 (No. 275) be ordered to be paid by the municipality. This motion is **GRANTED**. It is clear by the information provided by attorney Ana Margarida Juliá that the municipality did have the documents to confirm that they were the party responsible for the payment of the outstanding $10,596.53. As such, the municipality is hereby **ORDERED** to pay to Plaintiffs the amount of $10,596.53, plus interest at the prevailing rate from the date of the Judgment, **on or before February 15, 2008.** Failure to comply will result in a penalty of $1,000.00 per day late.

We now move to Plaintiffs' request that the municipality be ordered to pay the remaining $11,985,000.00 from the Final Judgment. It is clear to this Court that the municipality does not have such amount available and an order to this effect will be futile. The facts still remain that the Final Judgment entered was with the consent of all the parties and that all the parties expressively

CIVIL NO. 97-2639 (JP)            -5-

consented that this Court will retain jurisdiction to enforce the Judgment and that the municipality agreed to pay the entire amount of $12,5000,000.00 within 120 days form the entry of Judgment on November 15, 2006, and to date they have only paid $615,000.00.

Defendants are hereby **ORDERED** to pay Plaintiffs the amount of **$620,000.00 on or before March 15, 2008.** Defendants are admonished that failure to comply will result in a penalty of $3,000.00 per day late. Defendants are hereby **ORDERED** to produce a written and detailed plan as to the payment of the outstanding amount from the Final Judgment **on or before March 15, 2008.** If Plaintiffs have any objection to the payment plan, they are ordered to move this Court for a hearing to discuss the same, after which the Court will rule on the final payment plan. It should be noted that in compliance with this Court's June 26, 2007 Order (No. 508), the municipality included an appropriation for the payment of the Final Judgment in its budget. See P.R. Laws Ann. tit. 21 Section 4303 ("it shall be mandatory [for a municipality] to include appropriations with sufficient credits for the following purposes . . . (c) payment of court judgments;" Librotex, Inc. v. A.A.A., 138 D.P.R. 179 (1995). The Court ordered this relief in execution of the partial judgment in this case (No. 286). The First Circuit affirmed the Order. See Acevedo-García v. Vera-Monroig, 296 F.3d 13, 18 (1st Cir. 2002).

CIVIL NO. 97-2639 (JP)            -6-

It is Defendants' responsibility to procure sufficient credits for the payment of a Judgment included in its budget.  As of today defendants has not done so.

We now dispose of Plaintiffs' arguments made during the May 30, 2007 status conference regarding the Court's authority to order the Commonwealth of Puerto Rico to satisfy the Final Judgment.  Law 9 of November 26, 1975, as amended, P.R. Laws Ann. tit. 32 Sections 3085-3087, provides that municipal officers sued for damages in their personal capacities for acts or omissions committed in good faith in the exercise of their duties may request that the Commonwealth of Puerto Rico pay the judgment that may be imposed. Title 32, Section 3085 of the Puerto Rico laws provides as follows,

> Every official, ex-official, employee or ex-employee of the commonwealth of Puerto Rico who is sued for damages in his personal capacity when the cause of action is based on alleged violations of the plaintiff's civil rights due to acts or omissions committed in good faith, in the course of his employment and within the scope of his functions, may request the Commonwealth of Puerto Rico to provide him with legal representation, and to subsequently assume the payment of any judgment that may be entered against his person.  P.R. Laws Ann. tit. 32 Section 3085.

Section 3085 applies to law suites against municipal officers, except with respect to payment of judgments, which is governed by Section 3092.  Id.  Section 3092 provides,

> [C]osts that they fact with regard to said judgments, costs, fees, and expenses incurred by the Commonwealth in Government of municipalities that represents or represented the respondent in question.  In case the affected Government corporation or instrumentality, or municipality, does not have necessary funds available to

CIVIL NO. 97-2639 (JP)            -7-

>defray said amount, the Commonwealth shall make payment thereof. The Government corporation or instrumentality, or the municipality, shall subsequently reimburse said amount as the Secretary of the Treasury may determine with the advice of the Governing Board of the Government corporation or instrumentality, or the Municipal Legislature of the municipality. P.R. Laws Ann. tit. 3092 (2005).

In order to grant Law 9 benefits to Defendants for payment of a judgment entered against them, the Secretary of Justice must find that the acts for which the defendants were sued were committed "in good faith." P.R. Laws Ann. tit. 32 Section 3085; see also Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 18 (1st Cir. 2002). Here, the Secretary denied Law 9 benefits for payment of the Final Judgment.

Even if the Secretary of Justice had granted Law 9 benefits for payment of the Final Judgment, the Court could not order the Commonwealth to pay the Final Judgment because of Eleventh Amendment immunity. The Eleventh Amendment bars suits against states for money damages unless the state has consented. See Metcalf & Eddy v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 938 (1st Cir. 1993). The Commonwealth is protected by the Eleventh Amendment to the same extent as any state. Metcalf & Eddy v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 939 n. 3 (1st Cir. 1993). In Ortiz-Feliciano v. Toledo, 175 F.3d 37, 39 (1st Cir. 1999), the First Circuit construed a motion for an order requiring the Secretary of Justice to satisfy a judgment against government employees under Law 9 as a request for

CIVIL NO. 97-2639 (JP)          -8-

a monetary judgment against the Commonwealth, and held that the request was barred by Eleventh Amendment immunity form suit in federal court.  The First Circuit held that the indemnification provisions of Puerto Rico law did not constitute an express waiver of Eleventh Amendment immunity, and that the Commonwealth did not impliedly waive Eleventh Amendment immunity form payment of the judgment entered against the government employees when it provided counsel for the defendants during the litigation.  Id. at 40.  The First Circuit further held that even if the Secretary of Justice had granted the Defendants' request to indemnify them with respect to the judgment, the Eleventh Amendment would still bar a claim by the Plaintiffs against the Commonwealth in federal court seeking payment of the judgment against the defendants.  Plaintiffs's request for an order to be issued against the Commonwealth of Puerto Rico to satisfy the Final Judgment is **DENIED.**

Plaintiffs' request for an order (No. 497) directing the Clerk to issue writs of attachment on any and all municipal property is also **DENIED.**  Puerto Rico law limits the Court's authority under Rule 69(a), and the Puerto Rico Supreme Court held in Stump Corp. V. Tribunal Superior, 99 D.P.R. 179 (1970), that "governmental entities are exempt from attachment procedures, because as a matter of public policy, governmental activities ought not to be subject to the inconveniences of such procedures, which interfere with the execution

CIVIL NO. 97-2639 (JP)          -9-

of public functions, in the detriment of the common good." <u>Stump Corp. v. Tribunal Superior</u>, 99 D.P.R. 179 (1970).

Plaintiffs' requests for an order to show cause why the Mayor of Adjuntas should not be held in contempt and for an order imposing attorney fees on the municipality are hereby **DENIED**. Defendant municipality of Adjuntas is admonished that the Court may revisit Plaintiffs' request if Defendants fail to comply with the terms and conditions of this order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of January, 2008.

                                          s/Jaime Pieras, Jr.
                                            JAIME PIERAS, JR.
                                  U.S. SENIOR DISTRICT JUDGE