UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. ACEVEDO GARCIA, et al<br><br>Plaintiffs<br><br>vs.<br><br>HON. ROBERTO VERA-MONROIG, et al<br><br>Defendants | CIVIL NO: 97-2639 (JP) |

**MOTION**
**REQUESTING RECONSIDERATION OF THE ORDER**
**DATED 16 JANUARY 2008**

**TO THE HONORABLE COURT:**

**COMES NOW** the **Municipality of Adjuntas,** by the undersigned and respectfully **AVERS** and **PRAYS :**

1. On January 16, 2008, this Honorable Court ordered the appearing party to pay to plaintiffs the sum of $620,000.00 by March 15, 2008. The Order, however, goes against all of the agreementsof the parites made during the hearings held in chambers.

2. At said hearings the Municipal Government indicated that it had set aside the amount of $250,000.00 to pay off the loans obtained from the Commonwealth of Puerto Rico pursuant to Law 9; from a banking institution or via an appropriation made by the Legislature of the Commonwealth of Puerto Rico.

3. In the event that the Municipality were not able to obtain the loan, then it would pay up to five hundred thousand dollars ($500,000.00) **during fiscal year ending in June 30, 2008**.

4. The Municipal Government of Adjuntas does not have the funds to pay the amount ordered, due to its critical financial scenario.

5.      It is a known fact that the Commonwealth of Puerto Rico, along with its agencies and instrumentalities are suffering from the current financial crisis. This also applies to most of its municipalities, especially those that have been relegated by the central government for decades, as has Adjuntas.

6.      Pursuant to a "good faith" gesture to comply with its obligations, the Municipality applied for and was granted a loan from the "Banco Gubernamental de Fomento", for the amount of six hundred fifteen thousand dollars ($615,000.00), which was the maximum credit available to the Municipality at the moment. This was tendered during the last fiscal year.

7.      <u>We reiterate,</u> the Order of this Honorable Court is impossible to comply with and if it were to be imposed, it would severely interfere with the execution of essential public functions and services and in detriment of the common good and welfare of Adjuntas constituents. For all practical purposes, $620,000.00 for the Municipality of Adjuntas at this moment in time, is the same as twelve million and would constitute an execution of the judgment de facto.

8.      Under **Federal Rules of Civil Procedure 69(a),** except where preempted by an applicable federal law, state law controls both the substantive and procedural rights in proceedings for the enforcement of a federal court judgment. **Heddleston v. Dwyer, 322 U.S. 232 (1944); Gabovitch v. Lundy, 584, F. 2d 559;**

9.      The District Court for the District of Puerto Rico has followed this standard. Being this the case, this court should apply the legal doctrine adopted by the Supreme Court of Puerto Rico in **Stump Corp. v. Tribunal Superior, 99 D.P.R. 179 (1970)** and reaffirmed in **Librotex, Inc. v. A.A.A., 138 D.P.R. 938 (1995).** It reinforced this doctrine in cases such as the one at bar, where a government entity was faced with a severe financial crisis.

9.      It would appear that the Municipality may [1] have to resort to the principle and doctrine of Rebus Sic Stantibus if this order were allowed to stand.

**WHEREFORE** it is respectfully requested that this Honorable Court reconsider its Order as to the payment of six hundred twenty thousand dollars ($620,000.00) by March 15, 2008.

**RESPECTFULLY SUBMITTED;**

s/ Evelyn Quiñones-Carrasquillo

**DR. EVELYN QUIÑONES CARRASQUILLO**
**USDC-PR 211308**
**1910 CALLE MURCIA  ST. , EXT. LA RAMBLA**
**PONCE, PR 00730**
**TEL. (787) 848-8113**
**FAX (787) 843-6717**
**e-mail: eqclaw@choicecable.net**

---

[1] The mayor and his economic advisors remain steadfast in their efforts to obtain the settlement funds.