UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. ACEVEDO GARCIA, et al., <br><br> Plaintiffs <br><br> vs. <br><br> HON. ROBERTO VERA-MONROIG, et al., <br><br> Defendants | CILVIL NO: 97-2639 (JP) |

### MOTION FOR RECONSIDERATION

**TO THE HONORABLE COURT:**

**COMES NOW**, the Municipality of Adjuntas, through the undersigned counsel, who respectfully Avers and Prays:

1. This Honorable Court has ordered that the appearing party deposit the amount of $620,000.00 with the Clerk of the Court on or before September 15, 2008.

2. Previously and in compliance with the order of this Honorable Court, the appearing party submitted its proposed payment plan. The Municipal Government included the amount of $620,000.00 in its Municipal Budget <u>with the condition</u> that it would be disbursed on May 15, 2009, before the end of this fiscal year.

3. Even though the funds have been budgeted, the cash is not available at this time. The budget is based on projected revenues to be collected, most of which are forthcoming in April 2009. This is the basis for the caveat in the proposed payment

plan. At this moment in time, it is impossible for the Municipality of Adjuntas to come up with the monies. Having funds earmarked in a budget to be disbursed on May 15th, 2008 does not mean that there is cash on hand now for any payment.

4. On another note, this Honorable Court cites it its Order of the 29th of August, 2008, that "Plaintiffs inquire why, if the Municipality of Adjuntas states that they have the capacity to pay between $620,000.00 and $1,155,000.00 annually, over a period of the next fourteen years, they do not request a loan from the State Government Development Bank and/or a private bank that could grant them a loan for a period of thirty years with a smaller annual disbursement."

5. This issue had been brought up and opposed prior to August 4, 2008 and therefore the undersigned understood the matter was no longer an "issue". As stated in defendant's motion filed on the 30th of October, 2007, the Honorable Jaime Barlucea Maldonado, Hans Mercado, CPA, JD, Harry Segarra, Esq. and the undersigned met with several officers of the "Banco Gubernamental de Fomento" so as to find alternatives for the satisfaction of the judgment pursuant to Law 80 and 81 of 2007 which provides the "Fondo de Redención Municipal. All bank officers stated that said funds have a restricted use and cannot be used for the payments of debts nor judgments, thus the present foreclosure.

6. As to the possibility of obtaining financing for the $11.8 million dollars, these officials indicated that even though the Municipality could set aside an amount to repay a loan, <u>its credit margin is not sufficient to obtain a loan for that amount of money.</u> ("margen prestatario del Municipio no es suficiente para la ortogación de un préstamo por esa cantidad). They added that pursuant to the Municipal Financing Law of 1996, Adjuntas has a limited capacity for repayment and the BGF cannot and would not authorize said loan. ***Ley de Financiamiento Municipal* (21 LPRA §6000 et.seq.)** The fact that the Municipality has included the amount of $620,000.00 in its budget as partial payment of the judgment, does not signify that the Municipal Government has

the economical capacity or legal credit margin to obtain a loan for the remnant of the judgment.

7.     As to going to private banking institutions to apply for a loan, plaintiff's counsel is well aware that all banks have more rigorous criteria and will require the approval of the BGF for its final approval as mandated by law.  **(21 LPRA 6008a).**

8.     Plaintiffs' counsel is well aware of the fact that the "payment" of the previous judgment by the Treasury Department, which was recommended by the Justice Department, was politically motivated.  He knows this since he even went so far as to suggest that the Municipality of Adjuntas contract the services of one, Pedro Ortiz Alvarez, Esq., member of the Popular Democratic Party, so as to expedite a loan.[1]

9.     Lastly, in the hopes of a change in government with a more egalitarian approach to helping all members of society and municipalities irrespective of their political affiliation, the appearing party will again pursue the intervention of the Legislature, the Justice Department and the Treasury Department to get the loan approved it afforded the last PDP administration. *Ley de Pleitos Contra el Estado* **(32 LPRA §3092).**

**WHEREFORE** it is respectfully requested that this Honorable Court reconsider its Order of payment on or before September 15, 2008, based on the truths aforementioned and maintain the May 15, 2008 date as it appears in the proposed payment plan.

**RESPECTFULLY SUBMITTED:**

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys in the above entitled case.

---

[1] The suggestion was in no uncertain terms rejected.

In Ponce, Puerto Rico on this 10th day of September 2008.

*s/Evelyn Quiñones-Carrasquillo*

Dr. EVELYN QUIÑONES CARRASQUILLO
USDC-PR 211308
1910 CALLE MURCIA, EXT. LA RAMBLA
PONCE, PR 00730
TEL. (787) 848-8113
FAX (787) 843-6717
E-mail: eqclaw@chociecable.net