IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. ACEVEDO GARCIA, ET ALS. | |
| Plaintiffs | |
| vs. | Civil No.: 97-2639(JP) |
| HON. ROBERTO VERA-MONROIG, ET ALS. | |
| Defendants | |

## MOTION REITERATING THAT DEFENDANT BE FOUND IN CONTEMPT

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiffs, through the undersigned attorney, who very respectfully states and prays as follows:

Today we received a call from sister counsel Evelyn Quinones informing us that she had filed on September 10, 2008 a Motion for Reconsideration of this Court's Order. For reasons not known to us we did not receive said Motion and as a matter of fact, on September 10, 2008 defendants filed two motions the one for reconsideration and another one in opposition to our motion filed on September 8, 2008, requesting order.

Now we have before us both motions filed by defendants and we react to them.

As to defendant' Motion in Opposition to Motion requesting Order in averment six defendants question when we state, that the Mayor's allegation are probably part of the political process that we are going through. They ask who is WE. The answer is simple

we are all the citizens of Puerto Rico as well of the United States. It is not a secret that the elections will be held nationally and in Puerto Rico this coming 4th of November, 2008. The Mayor of Adjuntas is a key figure in this coming political process.

In averment seven they say that the Mayor emphatically denies that it has made statements, it is being unjustly accused of and that the same are not only false but intentionally and maliciously set out. Let defendants know that if we didn't have prove to sustain our allegations we would not have made the same.

In averment eight defendant suggest that plaintiff have "a hidden agenda that they are promoting." Plaintiffs only agenda is to collect a Judgment that the Mayor led them to believe that he had the ability to pay on or before March 15, 2007.

When defendant counsel go as far as to suggest that we may be part of a scheme to defame, this is not only an insult to us but it constitutes a lack of respect and a breach to the ethics that counsels have to maintain when referring to the counsel of the other party. We strongly resent such suggestion and we confess that it has taken us by surprise since such suggestion is signed by sister counsel Evelyn Quinones.

In averment nine defendants says that it is not a fact that plaintiff and the mayor are affiliated to the same political party. We reiterate that it is indeed a fact since all plaintiffs as alleged in the complaint, are members of the New Progressive Party. As proven in the first judgment that was entered, precisely their affiliation to the New Progressive Party was the reason for their dismissal and is also a fact that Mayor Barlucea was elected under the New Progressive Party, is the President of the local committee of the New Progressive Party and is running for re-election under the ticket of the New Progressive Party.

We reiterate our request for an Order that the Mayor be refrained from making

2

public statement as to the above entitled case because such statements are causing confusion and restlessness on plaintiffs.

As to the Motion for Reconsideration defendants now allege that the funds earmarked in a budget to be disbursed on May 15, 2008 (averment three of their Motion for Reconsideration, it should read 2009) does not mean there is cash on hand now for any payment. In their payment plan filed on March 18, 2008 (dkt. 555) the reason given then for delaying the payment until May 15, 2009 was that there is a limitation on disbursement imposed by law during an election year citing 21 LPRA 4359. When we filed our opposition and called to the attention of this Honorable Court that this limitation does not apply to the payment of Judgment, now they switch to the allegation that there is no cash on hand.

On March 20, 2008 we filed our Opposition to Defendant's Payment Plan (dkt. 559) we suggested that in their new budget which is $663,689.00 more than the previous budget, there were $1,034,576.00 in non-essential expenses which added to the $200,000.00 that they allocated for the payment of the Judgment comes to $1,234,566.00 that could be used in this budget for the payment of Judgment. Defendants dare to say that they have no cash on hand to pay this Judgment, not even the $620,000.00 ordered to be paid by September 15, 2008. But they have millions to spend in donations, trips, festivities, public relations and other non-essential activities which under no consideration can have priority over the payment of the Judgment issued by a Federal Court with the expressed consent of the Mayor. In none of defendant's motions we have seen even a slight intention to reduce non-essential expenditures in order to pay a Judgment which is one and half years overdue. As we have stated before other Municipal Governments

3

facing similar problems have not only eliminated non-essential expenses but have reduced other expenditures including payroll, in order to seriously face their obligations to pay a Final Judgment. We said then and we reiterate today.

> "It will be proper to say that if the City of Adjuntas gives the importance and seriousness that the Judgment of this Honorable Court deserves, as other Municipalities facing similar problems have done and not only eliminate non-essential expenses but reduces other expenses that can be reduced, $3,000,000.00 annually is not unreal. It would still take more than 4 years to pay the Judgment. This proposal is identical to the one we made in our May 24, 2007 motion (505).
>
> It is frustrating to listen to the plaintiffs we represent when they say that the mayor deceived us when he told us and the Court that he could pay the full amount by March 15, 2007. The mayor continues saying publically and privately that this Court has said that he is doing things correctly and that he will not be obliged to pay the Judgment in any other way or time than the one he decides.
>
> Once again we respectfully request from this Honorable Court to exercise its inherent power to enforce this Judgment, which the parties stipulated that the Court would retain, in order that this Judgment be paid in a reasonable period of time and that the rights that plaintiffs came to the Federal Court to vindicate does not end in a miscarriage of Justice. As stated before defendants proposed plan means that many of the plaintiff will not live to see the payment of what is rightfully owed to them."

(Since then one of the plaintiffs died).

It is unbelievable in the lite way that defendants address the second prong of this Court's August 29, 2008 order which states that:

> "(2)   Also on or before September 15, 2008, Defendants are to file an informative motion explaining why, if they have the economic capacity to pay the outstanding balance of the Final Judgment as they represent, they do not obtain a loan that will allow Plaintiffs to receive the full payment of the Final Judgment (No. 490) and also allow Defendants more time to pay said amount with a smaller annual disbursement."

By stating that on October 30, 2007 the Mayor visited the Government Development

Bank and that the bank officer stated "funds have a restricted use and cannot be used for the payments of debts nor judgments", therefore they allege they understood the matter was no longer an issue. The allegation supposedly made by the bank officer that funds could not be used for the payment of a Judgment is not true.

If they visited the Government Development Bank before October 30, 2007 and supposedly they were informed that they didn't have sufficient loan capacity (margen prestatario) where they inform what they have done since then in order to improve their loan capacity. In addition to this, loan capacity is measured by the ability that the borrower has to pay a loan and if its true what defendants said in their payment plan dated March 18, 2008 that they have the capacity to make payments that range from $620,000.00 to $1,155,000.00 for 14 years it doesn't take an economics wizard to conclude that a loan in longer terms serve better the Municipality.

It has been over a year since they visited the Government Development Bank offices and they haven't reported to the Court any other intents to present to the bank that they have the economic capacity that they presented to the Court. It amaze us when defendants say quoting 21 LPRA 6008(A) that going to a private bank will require the approval of the Government Development Bank, which is true, but the question is, have they gone to the Government Development Bank to require the approval mandated by law.

Where do defendants get the idea that an Order to file a motion explaining their economic capacity can be despatched by stating that the matter was no longer an issue.

We would like to hear a logical explanation not only as to the terms and condition that they want to impose for payment as presented in their payment plan but if they tell the Court that they can pay $620,000.00 by May 15, 2009 and on August 29, 2008 this Court

Orders that they have to pay on September 15, 2008, what have they done to comply with this Court's Order, like requesting a loan for seven months or making the necessary adjustment in their budget, like not making trips as the one they made to Europe, not paying orchestras and singers for different festivities or requesting to the Governor that there is an emergency as provided by 21 LPRA 6027 and they have to make a payment for which they allege they don't have the funds and the non-compliance of the payment is causing $1,000.00 a day in penalties so that they can go directly and issue bonds that can be negotiated or sold at the Government Development Bank or they can go and request a loan from the Special Funds establish in Title 15 sec. 121 of the Puerto Rico Laws Annotated or they can simply cut unnecessary expenses and begin to take seriously their obligation before this Court to pay a Final Judgment or they can sell any property in accordance 21 LPRA 4051 (f)

And last but not least defendants criticize us because we made a suggestion as to a way to expedite a loan taking into consideration that they suggested that when the Justice Department denied the benefits of Law 9, the reason was politically motivated. Defendants don't tell the Court that they didn't request a reconsideration to that determination from the Justice Department or even filed a claim in State Court because they were denied a loan authorized by law that was afforded to the last Popular Democratic Administration which is clearly a violation of our Constitutions because of political discrimination.

We respectfully submit that the Mayor can not decide when and how he will comply with this Honorable Court's Order. We also submit that the Mayor's non-compliance with the August 29, 2008 Order is not justified by the Motion for Reconsideration. Reason for

which the Mayor should be found in contempt of Court.

**WHEREFORE,** we respectfully requested that this Motion BE GRANTED.

**I hereby certify** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney in the above entitled case.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico, this 18th day of September, 2008.

*s/ Israel Roldán González*
**ISRAEL ROLDAN GONZALEZ**
**USDC-P.R. 115602**
**Attorney for Plaintiffs**
**44 Progreso Street**
**Aguadilla, Puerto Rico 00603**
**Tel. (787) 891-1359 Fax.(787) 891-5000**
roldangonzalezpr@yahoo.com